390          ROTHGERBER *et al. v.* WONDERLY.          [Sept. T.

Opinion of the Court.

# LEONARD ROTHGERBER *et al.*

*v.·*

# HENRY WONDERLY.

1. JUDGMENT—*construction as to amount.* Where the plaintiff obtained a verdict for $1250, and entered a *remittitur* of $600, but the clerk entered up a judgment in favor of the plaintiff for $1250, " less $600 to be remitted:" *Held,* that the entry was a valid judgment for $1250, notwithstanding the words " less $600 to be remitted," upon which an execution could have been issued.

2. APPEAL BOND—*what is to be taken as a reversal.* Where a *remittitur* of $600 was entered on a verdict for $1250, but the clerk rendered judgment in the usual manner for the latter sum " less $600 to be remitted;" and on appeal to this court, such judgment was reversed and remanded, with a mandate to enter judgment for $650: *Held,* that this was a prosecution of the appeal with effect, and that the surety on the appeal bond was not liable.

3. SAME—*construction of condition.* The condition in an appeal bond on appeal to the Supreme Court that the appellant should pay the amount of the judgment " rendered and *to be rendered* " against him in case of affirmance, *held,* to mean the payment of the judgment theretofore rendered in the court below, and such judgment as shall be rendered by the Supreme Court in case of affirmance, and not the judgment that may thereafter be rendered in the lower court under the special mandate of this court, or on a trial *de novo.*

4. VARIANCE. In a suit on an appeal bond, where the declaration alleged the judgment appealed from to have been $650, when in fact it was $1250, the variance is fatal.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. R. H. FORRESTER, for the appellants.

Messrs. STORY & KING, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The declaration in this case counts on an appeal bond, and contains four counts.

The case may be briefly stated: On the 16th day of April, 1870, in the circuit court of Cook county, in a cause there pending wherein appellee was plaintiff, and one James H. McCausland was defendant, the jury returned a verdict for plaintiff for the sum of $1250, and on a motion for a new trial, the court was of opinion that the verdict was too high, and thereupon plaintiff offered to remit of the verdict the sum of $600, and upon that suggestion the court overruled the motion for a new trial. The clerk, however, inadvertently entered up a judgment in favor of plaintiff for the sum of $1250 "less $600 to be remitted." From that judgment McCausland prayed an appeal to this court, and in compliance with the order of the court, he perfected the appeal by giving a bond in the usual form, with appellant in this cause as his security. This suit was brought on that bond.

The first and third counts of the declaration are substantially alike, and aver that the judgment appealed from was for $650, and was rendered on the 16th day of April, 1870, and that on the hearing at the September term, 1870, of the Supreme Court, was affirmed in all things. The second and fourth counts are in substance the same, except a copy of the opinion is set out at length in the fourth count. In each of these counts it is averred, as in the first and third counts, that the judgment rendered on the 16th day of April, 1870, was subsequently affirmed in all things by the judgment of the Supreme Court, and it is also further averred that on the 12th day of August, 1871, in pursuance of the mandate of the Supreme Court, a judgment was rendered in the circuit court of Cook county, in favor of appellee and against McCausland, for the sum of $650.

To the second and fourth counts a demurrer was interposed, which was sustained as to the second, but overruled as to the fourth count. Upon the pleas filed issue was joined and a trial had, which resulted in a judgment against appellant for the amount named in the bond, to be discharged on payment of the damages assessed, being the amount of the judgment of

the 12th day of August, 1871, together with interest from that date, and costs. From this judgment appellant prosecutes this appeal.

On the hearing of the case of *McCausland* v. *Wonderly*, 56 Ill. 410, it was found that there was no error in the record except that the judgment was inadvertently entered for too large a sum, for which reason that judgment was reversed and the cause remanded, with directions to the court below to permit the plaintiff to enter a *remittitur*, and have a judgment rendered in his favor for the correct amount, viz: $650, which was accordingly done on the 12th day of August, 1871.

It is insisted that the judgment in the case of *McCausland* v. *Wonderly* was, by the action of this court, in effect affirmed, and hence that the appellant is liable under the conditions of the bond. Such was not the case. The judgment appealed from was really a judgment for $1250, although the record recited that it was to be "less $600 to be remitted." Nevertheless, it was a valid judgment for the former amount, upon which execution could have been issued, and the plaintiff might, if he chose, omit to enter the *remittitur*, although it was his plain duty to do so. This judgment on appeal was, in fact, reversed, and on the remandment of the cause the court was directed to enter one for a much less sum.

The undertaking of appellant as security on the appeal bond was, that the appellant in that case, should "duly prosecute his appeal with effect," and pay the amount of the judgment "rendered and to be rendered" against him in the Supreme Court in case the judgment should be affirmed. This, appellant in that case did do "with effect." The judgment appealed from was for $1250. It was reversed, and he was certainly not bound by the conditions of his bond to pay the amount of that judgment. The only judgment rendered by the Supreme Court was one of reversal. No judgment whatever was rendered against appellant in that case. It was in his favor, and the costs were adjudged against appellee.

The legal effect of the words "rendered and to be rendered," contained in the appeal bond, is, that appellant shall pay the judgment theretofore rendered against him in the court below, and such judgment as shall be rendered by the Supreme Court in case the judgment shall be affirmed, and if he shall make default therein, the liability of the surety will be the same.

It would be a singular construction to give to those words, to hold that the surety on the bond shall pay such judgment as shall thereafter be rendered by the circuit court, whether such judgment shall be rendered on a trial *de novo*, or under the mandate of this court. The words will bear no such construction. In the view that we have taken, appellant could not be liable, under the fourth count, for the judgment subsequently entered by the circuit court on the 12th day of August, 1871.

There is a variance between the proof and first and third counts of the declaration. In each of those counts it is averred that the judgment rendered on the 16th day of April, 1870, was for $650. The judgment of that date was for $1250. The variance is fatal.

A majority of the court are of opinion that the judgment should be reversed and the cause remanded.

*Judgment reversed.*