STATE on the rel. of FELL & BROTHER *v.* JAMES A. PORTER *et al.*

A Justice of the Peace has no jurisdiction under the Constitution, Art. 4, sec. 15 and 33 of a suit on a constable's bond, the penalty of which is more than $200, although the damages to be assessed are less than that sum, and the Act of 1869–'70, chap. 169, sec. 13, cannot be allowed the effect of conferring such jurisdiction.

*It seems* that as against the officer alone a Justice of the Peace has jurisdiction of a suit for a sum less than $200 collected by the plaintiff and not paid over.

This was an ACTION on his official bond against the defendant, Porter, as constable, and his sureties to recover the sum of $66.19, which he had collected and failed to pay over to the plaintiffs.

The penalty of the bond was five hundred dollars, and the plaintiffs demanded judgment against the defendants for the sum of five hundred dollars, and for costs of suit.

The defendants demurred to the complaint upon the ground that the plaintiffs claimed that the sum of $66.19 had been collected and not paid over, and that therefore their demand was for less than two hundred dollars, and

the suit ought to have been brought before a Justice of the Peace. In support of their demurrer his counsel relied on the Act of 1869–'70, chap. 169, sec. 13, whereby it is provided that when any constable or other officer shall have received any money by virtue of his office, and shall fail to pay the same to the person entitled to receive it, a Justice of the Peace may issue a summons against him and his sureties, whether he be in office or out, and gave judgment for any sum demanded not exceeding two hundred dollars, notwithstanding the penalty of the bond sued on.

His Honor, *Albertson, J.,* at the June Term, 1873, of the Superior Court of WAKE County sustained the demurrer, and gave a judgment· dismissing the suit, from which the plaintiff appealed.

*Moore & Gatlin,* for the plaintiffs.
*L. W. Barringer,* for the defendants.

PEARSON, C. J. The jurisdiction of the Superior Courts and of Justices of the Peace is fixed by the Constitution, Art. 4, secs. 15, 33. It follows that the General Assembly has no power to make any change in reference thereto, and the Act, ch. 169, sec. 13, Acts of 1869–'70, relied on ·by the defendants' counsel, can only be allowed the effect of being a legislative expression of opinion concerning the construction of these two sections of the Constitution.

The question depends upon the meaning of the words, " a civil action founded on contract, wherein the sum demanded shall not exceed two hundred dollars." Here we have a bond for five hundred dollars, to be void if certain conditions are complied with, otherwise to be of full force. It is agreed there has been a breach of the condition, so that according to the common law, the plaintiff was entitled to judgment for $500. True, says the counsel of defendants, but by 8 and 9 Will. and Mary, in actions on bonds with con-

dition, the plaintiff *may* (construed to mean " *shall*") suggest breaches and have the damages assessed, and that amount is the *sum demanded*. To which it is replied, the plaintiff has judgment for the amount of the bond, the *execution* to be satisfied by payment of the damages assessed and costs, but the bond is merged in the judgment, which stands as a security for any further breach, that may from time to time be suggested, until the judgment is satisfied. Rejoinder, that is so in regard to a common law bond, but this is an official bond which is not merged in the first judgment. Rev. Code, chap. 78, sec. 1. This is met by the fact that the statute provides that no judgment shall be taken upon an official bond, after " the whole penalty shall have been recovered," and how can this matter be considered by a Justice of the Peace, except upon a plea of payment or satisfaction of the whole penalty of the bond, which of necessity brings before him a contract, where the sum demanded exceeds two hundred dollars? It may be conceded that as against an officer who receives money and fails to pay it on demand, there is an implied contract, and the amount, if it do not exceed $200, may be sued for as " money had and received to plaintiffs' use." This would be on a principle of the common law, and not by force of the Act of 1869–'70; but in regard to the sureties there is no implied contract, and no other contract save that which is set out in the bond, to-wit: an obligation to pay $500, subject to conditions, &c.

We do not concur in the opinion of his Honor, and suppose he was misled by the practice under the old system of taking summary judgments upon official bonds on notice, where money had been collected and not paid over on demand. Rev. Code, ch. 78, sec 5. But under that practice the judgment was entered for the amount of the bond, the *execution* to be satisfied on payment of the sum collected and costs.

There is error. This will be certified to the end that the demurrer be overruled, and judgment be entered that plaintiffs recover according to the course of the Court.

PER CURIAM. Judgment reversed and judgment for plaintiff.