STATE on the relation of R. B. BRYAN v. A. L. ROUSSEAU and
G. H. BROWN.

In an action upon a bond, the *sum demanded* is the penalty of the bond,
and not the damages claimed for the breach thereof;

*Therefore*, where the penalty of the bond exceeds two hundred dollars,
suit cannot be brought before a Justice of the Peace;

*(State ex rel. Fell and Bro.* v. *Porter et al.,* 69 N. C. 140; cited and ap-
proved.)

CIVIL ACTION against the defendant, Rousseau, as County
Treasurer of Wilkes county, commenced in a Justice's Court,
from whence it was carried by appeal to the Superior Court of
WILKES, where it was tried before *Mitchell, J.,* at Spring Term,
1874.

The facts, so far as are necessary to an understanding of the
opinion, are as follows:

This action was begun before a Justice of the Peace against
the defendant, Rousseau, Treasurer of Wilkes county, and the
sureties upon his official bond for the year 1870. It was admit-
ted that Rousseau was the treasurer, and the execution of the
bond by himself and the defendants as his sureties, in the sum
of $12,000 was also admitted.

The action was brought upon a county order for $125.80,
which was the sum claimed for damages by reason of the
breach of the bond.

*Armfield & Folk,* for defendants.
*Furches,* for plaintiff.

BYNUM, J. The State on the relation of *Fell & Bro.* v.
*Porter et al,* 69 N. C. Reports 140, is decisive of this case.
It is there held that if the action is on a bond the
penalty of which exceeds two hundred dollars, the pen-
alty of the bond is the sum demanded, although the dam-
ages claimed for the breach thereof, is less than two hundred

dollars. Such is the construction put upon the Constitution, Art. 4, secs. 13, 33; and Bat. Rev., chap. 80, sec. 13, cannot have the effect of changing the jurisdiction of the Courts, as fixed by the Constitution. It follows that this action, having been brought on a penal bond for the sum of twelve thousand dollars, before a Justice of the Peace, ought to have been dismissed for want of jurisdiction.

PER CURIAM.    Judgment reversed and action dismissed.