WILLIAM MORRIS·v. EDMUND SAUNDERS.

*Penal Bond—Justice's Jurisdiction—" Sum Demanded."*

1. Where two parties, having agreed upon an interchange of lands, execute a bond in the sum of four hundred dollars, conditioned to make title and give possession in pursuance of the agreement, and providing that in default of performance the disappointed party may sue the other and recover the sum of two hundred dollars and all damages, the instrument will be construed as a bond for the penal sum of four hundred dollars, to be void upon certain conditions, and in case of non-performance to secure two hundred dollars and damages.

2. As the holder of such bond has no option but to take judgment for the full penalty, to be discharged upon the payment of two hundred

dollars and damages, the sum demanded is beyond the jurisdiction of a justice of the peace.

(State v. *Porter,* 69 N. C., 140 ; State v. *Rousseau,* 71 N. C., 194; *Hedgecock* v. *Davis,* 64 N. C., 650 ;. *Dalton* v. *Webster,* 82 N. C., 279, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

The suit was instituted before a justice of the peace to recover the sum of two hundred dollars. There was judgment for plaintiff, and the defendant appealed to the superior court where the case was dismissed on the ground that the justice had no jurisdiction, and from this judgment the plaintiff appealed. The plaintiff and defendant having agreed to an interchange of lands, entered into a written contract under seal, which contract after reciting the terms of their trade provides as follows: " And the said parties hereby agree and bind themselves in a bond for four hundred dollars, each to make a good title and deliver the possession of said land within thirty days from the date hereof, and if either of us shall fail to comply with the written contract, the other party shall have the right to sue and recover the sum of two hundred dollars and all damages, as witness our hands," &c.

Mr. *T. M. Argo,* for plaintiff.
Messrs. *A. M. Lewis* and *J. H. Flemming,* for defendant.

RUFFIN, J. The only point involved is as to the jurisdiction of the justice of the peace before whom the plaintiff brought his action.

As we construe the instrument, it is a bond for four hundred dollars to be void on certain conditions—the condition being that the parties shall make title to, and deliver possession of their respective lands ; or, in case of default,

that the party guilty thereof shall pay to the other two hundred dollars and damages. We give it this construction because under any other that could be put upon it, all that is said about the four hundred dollars would be surplusage and needless, and the law will never presume that parties contracting under their hands and seals intend a *vain thing.*

It is clear that the four hundred dollars was never intended of itself to be paid, and if not, it could only have been meant as a penalty to secure the execution of the contract as to the sale of the lands; or in the event of a failure as to that, to secure the payment of two hundred dollars by the defaulting to the willing party.

Such being the construction given to it, it comes absolutely within the principle of the case of *State* v. *Porter,* 69 N. C., 140, and that of *State* v. *Rousseau,* 71 N. C., 194, where it was held that a justice could not entertain an action on a bond the penalty of which exceeded two hundred dollars, although the damages claimed for the breach thereof should be less than that sum. In the latter of the cases just cited it was held that the *penalty* of the bond, and not the damages claimed, is the *sum demanded* within the meaning of the constitution limiting the jurisdiction of justices of the peace, and in *Hedgecock* v. *Davis,* 64 N. C., 650, that the *principal* of the bond sued on was properly the *sum demanded* within such meaning; and in both cases it was said that the question of jurisdiction could not be allowed to depend upon the *claim* made in the plaintiff's complaint, or in anywise to fluctuate according to the will of parties or subsequent circumstances, but must be *fixed* at the time of the contract made.

This disposes of plaintiff's first position, and as to his right to sue, not upon the bond itself, but for his damages and offer the bond, only, in evidence in support of his demand (which he says is his case): That is exactly what, it is said in *Dalton* v. *Webster,* 82 N. C., 279, he could not do,

for that, the action *must* be brought on the bond, and the question of jurisdiction settled by its terms.

The judgment of the superior court dismissing plaintiff's action is affirmed.

No error.                                            Affirmed.