J. A COGGINS, Ex'r, v. A. J. HARRELL and others.

*Jurisdiction—Sum demanded, the penalty of a Bond.*

A justice of the peace has no jurisdiction of an action upon a bond (here a constable's) where the penalty exceeds two hundred dollars. The sum demanded is the penalty, and not the damages claimed for a breach of the bond; nor can a plaintiff remit any part of the amount of such penalty to give jurisdiction to the justice.

(*Fell* v. *Porter*, 69 N. C., 140; *Bryan* v. *Rosseau*, 71 N. C., 194; *Morris* v. *Saunders*, 85 N. C., 138; *Boyett* v. *Vaughan*, *Ib.*, 363; *McRae* v. *Evans*, 2 Dev., 383, cited and approved.)

CIVIL ACTION commenced before a justice of the peace and tried at Fall Term, 1880, of NORTHAMPTON Superior Court, before *Graves, J.*

No pleadings having been sent up by the justice before whom the action was tried, it was agreed by consent of counsel that all irregularities in the justice's return should be waived, and that the pleadings might be filed in the superior court.

By virtue of this agreement a complaint was filed in which it was alleged : That in the year 1858, one L. W. Boykin was elected constable in Northampton county, and on the 7th day of March, 1859, executed a bond to the state in the penal sum of four thousand dollars, conditioned for the faithful performance of his duties as constable, with Britton Sykes and Henry W. Ivey as sureties; that soon after the said 7th day of March, 1859, Henry Coggins placed in the hands of the said Boykin, as constable, for collection, and took his receipt therefor, two bonds on Thomas H. Jordan, and on the 25th day of August, 1859, said Boykin, as constable, collected on said bonds the sum of one hundred and forty dollars, which he ought to have paid over to Henry Coggins, but failed to do so; that the said Henry

Coggins died in the year 1870, leaving a last will and testament in which he appointed the plaintiff, James A. Coggins, his executor, who was duly qualified as such on the 14th day of November, 1870 ; that the said Ivey died in the early part of the year 1862, leaving a will in which an executor was appointed ; but he renounced, and administration *c. t. a.* was granted to W. T. Harrell and Kader Ivey, both of whom died in the year 1867, and at June court 1868, the defendants, A. J. and John W. Harrell duly qualified as administrators *de bonis non, cum testamento annexo* on the estate of Henry W. Ivey ; that the plaintiff releases and forgives all of the penalty of said bond, over and above enough to cover the said sum of one hundred and forty dollars, with interest thereon at 12 per cent. per annum from August 25th, 1859 ; that Boykin died insolvent before the commencement of this action, and a demand was made upon the defendants, and refused.   Thereupon the plaintiff demanded judgment against the defendants, as administrators of H. W. Ivey, for the sum of one hundred and forty dollars with interest at 12 per cent., &c.

The defendants demurred to the complaint and assigned the following grounds :

1. It appears from the complaint that the bond sued on was made payable to the state of North Carolina, and the defendants demur for the want of proper parties, in that the state is not made a party to this action.

2. That one Britton Sykes was one of the bondsmen mentioned in the complaint, and he should either have been made a party, or his insolvency alleged.

3. To the jurisdiction of the justice, for that, this is an action upon an official bond in the penalty of four thousand dollars.

Upon the hearing the court sustained the third cause of demurrer, and dismissed the action for want of jurisdiction in the justice of the peace before whom it was commenced,

and gave judgment in behalf of the defendants for their costs of action. From which judgment the plaintiff appealed.

*Mr. R. B. Peebles*, for plaintiff.
*Mr. S. J. Wright*, for defendant.

ASHE, J. The only question presented by the record is whether the justice of the peace had jurisdiction.

The action was brought before the justice for the sum of one hundred and forty dollars alleged to have been collected by L W. Boykin, a constable, and not paid over. It was not against the constable, who was dead, but against the personal representatives of Henry W. Ivey, who was one of the sureties on his official bond. The action then must have been instituted on the constable's bond of four thousand dollars, or under section 13, chapter 80, of Battle's Revisal, which provided that when any constable, &c., shall have received any money by virtue of his office, and shall fail to pay the same to the person entitled to receive it, a justice of the peace may entertain jurisdiction of any demand not exceeding two hundred dollars and costs of action, notwithstanding the amount of the penalty of the bond sued on.

In neither view did the justice have jurisdiction: Not under said section 13, for that section is expressly repealed by the act of 1877, ch. 41. And it has been decided by repeated adjudications of this court that a justice of the peace has no jurisdiction of an action on a constable's bond. In *State ex rel. Fell* v. *Porter*, 69 N. C., 140, it is held that a justice of the peace has no jurisdiction under the constitution (Art. IV., sections 15 and 33,) of a suit on a constable's bond the penalty of which is over two hundred dollars, although the damages to be assessed is less than that sum, and the act of 1869–'70, ch. 169, § 13, (Bat. Rev , ch. 80, § 12,) cannot be

allowed to affect the conferring such jurisdiction. It was no doubt in consequence of this decision, that section 13, chapter 80 of Battle's Revisal was repealed. In the case of the *State ex rel. Bryan* v. *Rosseau*, 71 N. C., 194, the case of *State* v. *Porter*, is cited with approval, and it was there decided that in an action upon a bond, the sum demanded is the penalty of the bond, and not the damages claimed for the breach thereof; therefore when the penalty of the bond exceeds two hundred dollars, suit cannot be brought before a justice of the peace. To the same effect is the more recent decision in *Morris* v. *Saunders*, 85 N. C., 138.

But the plaintiff undertook to obviate the objection to the jurisdiction by entering in the superior court a release or remittitur of the penalty of the bond down to a sufficient sum to cover his claim of one hundred and forty dollars with interest. We cannot see how this can avail the plaintiff. If allowable, it came too late after the appeal from the justice's judgment. The justice had assumed jurisdiction of the bond for four thousand dollars, and if he had no jurisdiction the superior court could acquire none upon the appeal. *Boyett* v. *Vaughn*, 85 N. C., 363.

But admitting it was not too late to enter the remittitur, what right had the plaintiff to remit any part of the penalty of the bond? It was a bond taken by the state. The legal interest was in the state. The state took and held the bond as trustee for all persons that might be injured by a breach of its conditions; who were authorized by law to maintain successive action upon it until the penalty should be exhausted. *McRae* v. *Evans*, 2 Dev., 383.

If this plaintiff could remit the penalty of the bond as attempted in this case, the bond would be satisfied by the judgment rendered upon it, and no action would lie for any further breaches thereof by other parties claiming to be injured thereby. Such a construction involves the absurdity

of defeating the object the law-makers had in requiring such a bond.

There is no error. The judgment of the court below must be affirmed.

No error.                                                    Affirmed.