STATE ex rel. PHILLIP ANTHONY et al. v. J. C. ESTES, Guard'n, &c., et al.

*Bonds of Guardians, &c.—Penalty—Judgment—Default and Inquiry—Damages—Evidence.*

1. Judgments upon bonds of guardians, administrators, &c., should be for the penalty of the bond, to be discharged upon payment of the amount of damages assessed, with interest—when it is allowed—from the first day of the term at which the judgment was rendered.

2. When the action is upon the *bond*, the recovery against either the principal or the surety cannot exceed the penalty thereof.

3. Where, upon the trial of an action, a part of the original record of another cause in the same Court is offered upon proof that the papers so offered were found among the files, the other party is entitled to introduce other original papers in the same cause, without further proof of their authority than their obvious connection with the cause, and that they were produced from the place where such papers should be kept.

4. In an action upon a guardian's bond the breach alleged was that the guardian had negligently or collusively permitted the administrator of his ward's ancestor to procure a license to sell the lands, which had descended to them, for assets. There was judgment by default and inquiry, and upon the execution of the inquiry it was

held to be error to instruct the jury that the measure of damages was the value of the land so sold; it was open to the defendants to show that the lands descended to plaintiffs' subject to the debts of their ancestor, and that the proceeds of the sale had been applied to their discharge.

5. A judgment by default and inquiry is conclusive as to the plaintiffs' right to recover something upon his assigned cause of action, but it leaves open the question of the amount to which he may be entitled; and upon that issue the *onus* is upon him.

This was an INQUIRY, as to damages, upon a judgment by default, tried before *Merrimon, J.*, at Spring Term, 1888, of BURKE Superior Court.

The plaintiffs' action is upon the guardian bond executed by the defendant J. C. Estes as principal and the other defendants sureties, to recover damages for the alleged negligence and misconduct of the guardian in consenting to a sale of certain lands belonging to George W. Anthony, their grandfather, which descended to their father as tenant in common with two others, and whose undivided one-third interest therein upon his death descended to them, instead of resisting and defeating the sale.

The complaint alleges that one N. P. Beck, to whom letters of administration on the estate of the intestate George W. Anthony issued, instituted a special proceeding in the proper Court on October 14th, 1871, to obtain license to sell the lands of his intestate upon an averment of the insufficiency of the personal estate to pay debts and expenses incurred in the course of administration, to which their said guardian was made a party in their behalf, and that he, well knowing the contrary, and that such sale was not necessary, made no opposition to the grant of license, but admitted the facts to be as alleged in the petition, and by such sale the lands were lost to the plaintiffs.

The summons was executed and returned in the present action to Fall Term, 1886, of Burke Superior Court, when

further time to file pleadings was allowed. The complaint
was put in at Spring Term following, not verified, and the
defendants failing to appear, judgment final was entered
against the defendants for $600, with interest from October
14th, 1871, being one-third of the estimated value of the
lands. This judgment was afterwards changed and made
a judgment by default and inquiry, such inquiry, by con-
sent, to be executed at the ensuing term.

The cause coming on accordingly to be heard at Spring
Term, 1888, the defendants, J. C. Estes and Spainhour, moved
to dismiss the action, for that the complaint does not con-
tain a statement of facts sufficient to constitute a cause of
action, assigning as defects therein:

1. The suit should have been in the name of the State on
relation of the plaintiffs.

2. No breach of the bond sued on is set out in the com-
plaint.

3. The demand of judgment is for the value of certain
lands, not for the penal sum in the bond, the complaint show-
ing the action to be for the recovery of the land.

The defendant Spainhour especially objected to proceed-
ing with an inquiry of damages, for that there was no judg-
ment for the penalty of the bond, but for the value of the
lands.

The objections were overruled and exceptions entered, and
thereupon the question of damages was submitted to the
jury upon this issue:

"What damages, if any, are the plaintiffs entitled to re-
cover?"

Upon the trial plaintiffs introduced in evidence certain
papers in the Clerk's office in the case of Beck v. Estes, which
the Clerk testified were all that were on file, and these were
read to the jury, the Court remarking that the substance of
what they contained appeared to be set forth in the com-
plaint, to which no answer had been filed. To this defend-
ants excepted.

Testimony was then, after objection overruled, received as to the value of the lands.

Defendants produced and offered what they alleged to be other parts of the record in the administrator's suit, without further proof of their being such except what appeared upon their face; nor was it suggested how the evidence would tend to show that the plaintiffs had not sustained damage, or would be otherwise relevant.

The evidence was rejected, and exception to the ruling entered.

The instructions to the jury, among others not necessary to be stated, were to the effect that, as it was not denied that the facts set out in the complaint were true, and by it the plaintiffs were entitled to a one-third interest in the lands of the intestate, lost by the collusion of their guardian with the administrator, they were entitled to recover as damages one-third part of the value of the lands in 1871, to which the jury, if they thought proper, might add interest to the present time. The defendants excepted to the charge. There was a verdict for the plaintiffs.

After the jury were empanelled the plaintiffs were permitted to amend the summons and complaint by making the State, on the relation of the parties suing, a plaintiff. To this exception was taken also. The judgment was, " that the relators recover $1,045, with interest from March 5th, 1888, of which sum $800, the penalty of the guardian bond sued on, is adjudged against both defendants, and the residue, $245, is adjudged against the defendant J. C. Estes alone.

And it is further adjudged by the Court that this judgment is given upon a certain guardian bond given by J. C. Estes, guardian, and the other defendants as surety, of date January 4th, 1868; and it is ordered that execution issue, in which the date of liability shall be stated."

To the form of the judgment the defendants also excepted, and appealed.

*Mr. C. M. Busbee* (and *Mr. W. S. Pearson* filed a brief), for the plaintiffs.

*Mr. Jno. Gray Bynum* (and *Mr. J. T. Perkins* filed a brief), for the defendants.

SMITH, C. J. (after stating the case.) While not material in disposing of the appeal, lest our silence should be misconstrued, we pause to say that the judgment should be as defendants insist: for the penal sum mentioned in the bond to be discharged, upon the payment of the damages aforesaid, with interest on the principal from the first day of the term, and costs. A form will be found in Mr. Eaton's excellent collection of Forms, at pages 282 and 283. Moreover, in an action *on the bond* the damages recoverable cannot exceed the penalty, which alike measures the damages to be adjudged against the principal as against the sureties. This necessarily results, from the fact that as an *obligation* it is the same as to all the obligors. The judgment can be in this respect reformed, and the excess in the damages assessed by the jury disregarded.

We pretermit an examination of the numerous exceptions taken during the progress of the trial to notice the rulings upon the question of damages and the evidence offered and passed on pertinent thereto.

It is apparent that the presiding Judge considered all the averments of fact made in the unanswered complaint as incontestible upon the inquiry of damages, and therefore the jury were left only to ascertain the value of the plaintiffs' shares in the lost lands, assuming the defendants' failure to answer as an admission of the truth of all the allegations, and among them the culpable negligence of the defendant,

101—35

guardian in not resisting and defeating the sale. This view, in our opinion, gives a larger scope and efficacy than what belongs to a judgment by default and inquiry.

It does, indeed, conclusively determine the defendants' liability, expressed in the technical words, "*quod recuperet*"; but it leaves open the inquiry as to the damages to which a party is entitled, and, in the absence of any showing as to the amount, must be for a sum merely nominal. This will be seen by a reference to some of our own adjudications on the point.

In *Parker & Gatling* v. *Smith,* 64 N. C., 291, upon a judgment by default and inquiry in an action to recover for goods sold and delivered, it was held in the Superior Court that, although the defendant could contest the amount of damages, he was estopped by the judgment from disputing the delivery of the articles. This was declared to be error, this Court saying: " In actions where the measure of damages is to be given by the jury, the assessment must be made upon the proofs introduced by each party, and the *onus* of proof as to the *amount* of damages is upon the plaintiff, as a judgment by default *admits something to be due, but not the amount.*"

In *Parker* v. *House,* 66 N. C., 374, the action was upon a Constable's bond, and the plaintiff alleged a breach in that the officer had not used due diligence in endeavoring to collect certain claims placed in his hands, setting them out specifically and in detail    The plaintiff read his complaint and the officer's receipt of the claims which he undertook to collect, and then stopped. After verdict and judgment for the plaintiff, and upon the defendant's appeal, this Court said : " The breach of the official bond assigned in the complaint is, that the defendant did not u-e due diligence in collecting claims put into his hands as an officer. The defendant, by failing to answer, admits this allegation, but does

not admit the amount of damages, for this is the question to be determined upon proofs." Of like import are *Wynne* v. *Prairie*, 86 N. C., 73, and *Rogers* v. *Moore*, 86 N. C., 85.

Applying this statement of the law and practice to the facts before us, the defendants' default admits the sale of the land, the guardian's failure to put in any defence when he ought to have done so, but how much damage has resulted therefrom is not determined by the facts, and it would be competent to prove that debts were extinguished to a large amount, for which the land was liable.

The rejected record of further proceedings in the administrator's suit was of papers in the Clerk's office on file in the said suit, and purports to be part thereof. Their production from the source where they were found, and their obvious connection with the papers introduced by the plaintiffs, as well as their contents, tend to show their genuineness as parts of the record, and their admissibility did not depend upon other external proof of their relations to the cause, nor upon a failure to suggest other grounds for their reception than their bearing upon the *quantum* of damages.

One of those papers professes to be a final settlement of the administrator with the Probate Judge, under a prefix of the name of the cause, copied from the record of settlement, from which it appears that the administrator is charged with $812.06, proceeds of the sale of the chattel property, and $1,369.15 realized from a sale of land, aggregating $2,181.21, from which has been disbursed $2,029.83, leaving in his hands $151.58 We see no sufficient reason for withdrawing this record evidence of the disposition of the personal and real estate from the hearing of the jury, as it does bear materially upon the measure of damages, and tends to show the extent of the real interest of the plaintiffs in the lands; for it is only where the intestate's debts have been

paid and subject thereto that the legal estate descended to the heirs-at-law..

We think there was error in disallowing this evidence to go to the jury for the alleged want of authenticity and supposed irrelevancy to the issue, for which the judgment must be reversed and a new trial awarded.

                                                    Error.