FOSTER JOYNER v. E. E. ROBERTS et als.

*Action for Penalty—Jurisdiction—Practice—Appeal from Motion to Dismiss.*

1. No appeal lies from refusal of a motion to dismiss an action. The remedy is to have an exception noted in the record.

2. A motion to dismiss an action for want of jurisdiction, or because the complaint does not state a cause of action, is not such a demurrer *ore tenus* as will permit an appeal from its refusal; for, if such motion be frivolous, the Court cannot proceed to judgment as in case of a formal and frivolous demurrer.

3. Section 1883 of· *The Code* makes an officer liable upon his bond "for the faithful discharge of all the duties of his office," and an action to recover a penalty of $200 for failure of a Register of Deeds to perform a duty required of him by section 1814 of *The Code* is properly brought on the official bond, and the Superior Court has jurisdiction.

4. In an action on an official bond to recover a penalty for breach of an officer's duty, it is not necessary to allege that a judgment has been obtained against the officer and that he has failed to pay it.

5. *Quære*, whether a party suing the official bond, and not the officer alone, for a penalty should not make himself a relator in an action in the name of the State?

CIVIL ACTION to recover a penalty of $200, brought against the defendant E. E. Roberts, Register of Deeds, and his sureties on his official bond, and tried at Spring Term, 1891, of NORTHAMPTON Superior Court, before *Connor, J.*

The breach of the bond complained of was the violation by the defendant of section 1814 of *The Code* in regard to the issuance of license for the marriage of a girl under eighteen years of age without consent of her father, the plaintiff.

Defendants answered, setting up defences, but at the trial moved to dismiss the action—

1. For want of jurisdiction, in that the plaintiff is suing for a penalty of two hundred dollars for the failure of the defendant Roberts, Register of Deeds, to obtain the written consent of the father of one Ida Joyner, a woman under eighteen years of age, to the marriage of said Ida to one Charles Lewis, before issuing license therefor.

2. For that the complaint fails to state a cause of action, in that it fails to allege that the relator of the plaintiff had previously obtained a judgment against the defendant Roberts, the Register of Deeds, for said penalty, and that he had failed to pay the same. His Honor refused the motion, and defendants appealed.

*Messrs. R. O. Burton* and *R. B. Peebles,* for plaintiff.
*Mr. B. S. Gay,* for defendants (appellants).

CLARK, J.: The defendants moved to dismiss on the grounds, first, that the Court did not have jurisdiction, and second, because the complaint did not state a cause of action, and the motion being refused, appealed from the refusal. It has been repeatedly held that no appeal lies from a refusal to dismiss an action, but that the remedy is to have an exception noted in the record. *Mullen* v. *Canal Co.,* at this Term, and cases there cited.

It is contended, however, that this is, in effect, a demurrer *ore tenus*, and that, therefore, an appeal lies. From the overruling of a formal demurrer an appeal does lie. But there is this protection against abuse, that if the demurrer is frivolous, judgment is at once granted the plaintiff. *The Code*, §388. But there is no such remedy on overruling this motion. The answer was filed (which fact of itself would have overruled a demurrer), and the defendants, after the denial of the motion, were entitled to a trial upon the issues raised. They should have entered an exception and have proceeded. If an appeal lay in such cases, every defendant in every case could procure six or twelve months' delay by simply objecting to the jurisdiction or to the sufficiency of the complaint, no matter how plain the case or how utterly unfounded the grounds of the objection, since, as has been already said, judgment cannot be entered as when a frivolous demurrer is filed. To rule that an appeal lay in such case would be simply to establish a " stay-law." There is less excuse for an appeal in this particular respect, since the defendants cannot possibly be damaged by delaying the appeal till the final judgment, because, even though they should fail to note an exception, the objection to the jurisdiction and for failure of the complaint to state a cause of action can still be taken advantage of for the first time in this Court. Rule 27 of the Supreme Court. Those grounds of objection cannot be waived by proceeding to trial. *Tucker* v. *Baker*, 86 N. C., 1; *Hagins* v. *Railroad*, 106 N. C., 537. The hardship, if any, is on the other side, who may find (if he has not a cause of action or the Court has not jurisdiction) that his victory is barren, and that he has the costs to pay for his bootless clamor. Indeed, among the numerous cases, in which it has been held that no appeal lies from the refusal of a motion to dismiss, the following were instances in which the motion was made upon the

ground of failure to state a cause of action or want of jurisdiction: *Wilson* v. *Lineberger*, 82 N. C., 412; *Mitchell* v. *Kilburn*, 74 N. C., 483; *McBryde* v. *Patterson*, 78 N. C., 412.

There are some questions which, by the reiterated and uniform adjudications in regard to them, should be deemed settled. This is one of them.

Though the appeal must be dismissed, the Court in its discretion may consider the points raised. *State* v. *Wylde*, 110 N. C., 500.

The first objection, which is to the jurisdiction because the action is for a penalty of $200, would have been good under the former statute and decisions, because the bond was not liable. *Holt* v. *McLean*, 75 N. C., 347. That case recommended a change in that regard in the statute, and, as has been pointed out in *Kivett* v. *Young*, 106 N. C., 567, the scope and purpose of official bonds have since been enlarged by *The Code*, §1883, which makes the officer liable now upon his bond "for the faithful discharge of all the duties of his office." This action is for failure to perform the duty required of the Register by *The Code*, §1814, and for the penalty therefor prescribed by section 1816. The action is, therefore, for the amount of the bond ($10,000), to be discharged upon payment of $200, and the Superior Court had jurisdiction. *Fell* v. *Porter*, 69 N. C., 140; *Bryan* v. *Rousseau*, 71 N. C., 194; *Coggins* v. *Harrell*, 86 N. C., 317. The plaintiff, who sues for the penalty given for failure to discharge an official duty, comes within the words "the party injured," who is authorized to sue the bond therefor, under *The Code*, §§1883 and 1891.

In *Maggett* v. *Roberts*, 108 N. C., 174, the action was against the Register alone, the sureties on the bond having been *nol. prossed*, and it was held that the action, if for only one penalty of $200, must, in such case, be brought before a Justice of the Peace. *Fell* v. *Porter*, *supra*.

The second objection is, that "the complaint does not state a cause of action because it fails to allege that a judgment has been obtained against the defendant Roberts for the penalty and that he has failed to pay it." The law does not authorize such a provision in the bond, and if the bond is not expressed according to the statute "*The Code*, §1891, cures any possible defect in such respect." *Kivett* v, *Young, supra.* That section provides that if there is "any variance in the penalty or conditions of the instrument from the provision prescribed by law," recovery shall be had "as if the conditions had conformed to the provisions of law."

There was no error in refusing to dismiss the action. It may be noted that *Maggett* v. *Roberts, supra*, was an action against the officer alone for the penalty, and the action was held properly brought in the name of the plaintiff. The present action is upon the official bond under *The Code*, §1883, and the plaintiff may consider whether he should not ask an amendment below to make himself a relator in an action in the name of the State. *Wilson* v. *Pearson*, 102 N. C., 290. But we do not decide the question, which is not before us.                     Appeal Dismissed.