W. M. DARDEN and Wife. CHARITY, v. JOHN W. BLOUNT *et al.*

(Decided March 27, 1900.)

*Clerk's Bonds—Cumulative Liability—Judgment Docketed But Not Indexed—Judgment Docketed and Indexed—Administration Bond—Judgment for Penalty to be Discharged by Payment of Sum Certain and Additional Sum to be Ascertained.*

1. Clerk's bonds are cumulative security for performance of official duties.

2. A judgment to be effectually docketed must be properly indexed. The Code, sec. 433.

3. A judgment upon an administration bond for the penalty, to be discharged upon payment of a sum certain and of an additional sum to be ascertained upon a reference becomes at once, upon being properly docketed and indexed, a lien upon the defendant's property to the amount of the penalty, to be discharged upon payment of sums actually due.

4. Where the additional sum for which the bond of the administrator is liable was ascertained and reported at the ensuing term, and judgment entered and docketed, but not indexed, the Clerk's bonds were exonerated from liability for the failure by reason of the judgment at the preceding term which had created and preserved the lien for this portion also of the debt, which could be enforced by execution, so that no loss had occurred from a subsequent mortgage of debtor's property.

CIVIL ACTION upon four official bonds of John W. Blount, Clerk of the Superior Court of Greene County, for negligently failing to index a judgment rendered in favor of plaintiff for $1,078.93, against R. J. W. Beaman, administrator of R. C. D. Beaman.

A case agreed was submitted to his Honor at November Term, 1899, of the Superior Court of GREENE County, who

adjudged: That the plaintiffs recover of the defendants the sum of $1,078.93 with interest thereon at 7 per cent per annum from December 1, 1897, and the costs of this action, to be taxed by the Clerk.

The defendants excepted and appealed.

The agreed facts are reviewed in the opinion.

*Messrs. Shepherd & Shepherd, Connor & Son,* and *Swift Galloway,* for appellant.

*Messrs. F. A. Woodard,* and *Aycock & Daniels,* for appellee.

CLARK, J., writes the opinion.

FAIRCLOTH, C. J., writes dissenting opinion.

CLARK, J. At Fall Term, 1891, the plaintiff recovered judgment against one Beaman for $15,000, "to be discharged upon payment to her" of the sum of $1,908.33, and of a further sum ordered to be ascertained by a reference. At Fall Term, 1892, a further judgment was rendered after reciting that whereas, "At Fall Term, 1891, of this court a judgment was rendered against said R. J. W. Beaman in the sum of $15,000, to be discharged upon the payment" of $1,908.33, and a further sum to be ascertained by the reference ordered, and that by agreement said further sum is $7,150.65, "It is now by consent adjudged that the said judgment of $15,000 be discharged upon the payment of the aforesaid $1,908.33, as set out in the original judgment, and upon the payment of the further sum of $7,150.65, with interest at 8 per cent from December, 1891, till paid."

The above judgment of Fall Term, 1891, was docketed and indexed, but the discharging or supplementary judgment at Fall Term, 1892, though docketed, was not indexed. The

$1,908.33 was paid, but there remains a balance unpaid, upon the $7,150.65, of $1,078.93. Beaman gave a mortgage upon his realty in 1893, under which it has since been sold, and he himself has since died wholly insolvent. This action is brought against the defendant Blount, Clerk of the Court in 1892, and his sureties, for the $1,078.93, balance now due on the judgment, by reason of his failure to index said judgment of Fall Term, 1892. *Holman v. Miller,* 103 N. C., 118; *Dewey v. Sugg,* 109 N. C., 328; *Redmond v. Staton,* 116 N. C., 140.

The sole question, therefore, is whether docketing and indexing the judgment of 1891 for "$15,000, to be discharged upon payment of" $1,908.33, and a further sum to be ascertained by a reference then ordered conferred any lien, for if it did the lien is still enforceable against the realty, and the plaintiff has lost nothing by the Clerk's failure to index the judgment of Fall Term, 1892. The judgment of Fall Term, 1891, was an absolute unconditional judgment for $15,000. (*Nimocks v. Pope,* 117 N. C., 315), and was evidently intended to create a lien to that extent upon the realty of the defendant. Else, why take it? Everyone who dealt with the defendant named in that judgment knew from the records that his realty was liable to that extent. This lien was in nowise impaired by the fact that the amount thereof might be reduced by further action of the Court, but, until such further action, it stood good for $15,000. *Rothgerter v. Wonderly,* 66 Ill., 390.

It is true that where execution can not issue upon a judgment by reason of the defendant being a municipal corporation, an executor or administrator sued for a debt of the estate, and in similar cases, docketing the judgment confers no lien, but that is because the judgment in such cases has no further function than to ascertain the debt, and can not be

enforced against the property of the defendant. Black on Judgments, sec. 407. But this case is like those where a lien can be conferred, and is intended to be conferred, but for extraneous reasons an execution is ordered not to issue, as in *Dysart v. Brandeth,* 118 N. C., 968, where it is held that the lien created by docketing a Justice's judgment was not impaired by the suspension of execution by an appeal and a supersedeas bond. And the statute expressly enacts that upon appeal to the Supreme Court the lien of a docketed judgment remains unimpaired, notwithstanding execution may not issue after a supersedeas bond is given. Laws 1887, chap. 192; Clark's Code (3d Ed.), sec. 552. To the same effect is Freeman on Judgments, sec. 383: "A stay of execution resulting from agreement of the creditor does not impair the lien. So, if the Court direct the stay." The test is not whether an execution can issue instanter, but whether it can issue at all. Here, if the execution had issued for the $15,000, collection could only have been restrained upon payment of the amount which would discharge it, or until that could be ascertained. A judgment is in the nature of a statutory mortgage (*Perry v. Morris,* 65 N. C., 223; *Gammon v. Johnson,* at this term, and cases cited), and a mortgage for future advances not to exceed an amount named is valid. A judgment confessed to provide security against a contingent liability is authorized by sec. 570 of The Code, and of course, must be a lien for the full amount named till the actual loss is determined at a lesser sum.

This is not like a judgment by default and inquiry where only the cause of action is admitted, and the plaintiff recovers nothing beyond costs, till proved. *Anthony v. Estes,* 101 N. C., 541. This is the opposite of that. Here, there is a judgment for a sum certain, $15,000, and upon proper docketing it is a lien for that sum until and unless

it is reduced by further action, i. e., by payment or a supplementary judgment. The docketing and indexing the latter would have reduced the extent of the plaintiff's lien, but would not have impaired the lien itself, and the failure to so index could not impair it. It has been held that judisdiction was not in a Justice of the Peace in an action upon an official bond exceeding $200, though the damages alleged from the breach thereof are under that sum because "the *judgment* is for the amount of the bond, the execution to be satisfied by payment of the damages assessed." *Fell v. Porter,* 69 N. C., 140; *Joyner v. Roberts,* 112 N. C., 111, and cases cited.

The case of *McCaskill v. McKinnon,* 121 N. C., 190, is not in point against this view, for there there was judgment for the debt, and a further judgment of foreclosure to enforce payment. It was held that the statute of limitations ran against the first from its date and against the latter only from judgment confirming the report of sale. It follows, then, that the first judgment for the debt was a lien which was not impaired by there being an interlocutory cotemporaneous decree for foreclosure and sale.

The lien of the judgment of 1891 has not been discharged, because the judgment itself, by its terms (as well as by the terms of the judgment of Fall Term, 1892), has not yet been discharged, and the plaintiff has suffered no harm by failure of the Clerk to index the supplementary or discharging judgment.

Upon the case agreed, judgment should be rendered in favor of the defendants.

Reversed.

FAIRCLOTH, C. J., dissenting. The material question is whether a judgment entered at Fall Term, 1891, in favor of

DARDEN *v.* BLOUNT.

the plaintiff against R. J. W. Beaman, administrator of R. C. D. Beaman, deceased, was a lien on the property of the defendant. The action was against the defendant on his official bond in the penal sum of $15,000, conditioned for the faithful discharge of his duties as such administrator. At said Fall Term, 1891, the plaintiff recovered judgment against said R. J. W. Beaman for $15,000, the penalty of the bond, to be discharged on payment of $1,908.33 (which has been paid and is out of the case), "and upon the payment to her of one-third of the estate and assets of the estate of the said R. C. D. Beaman, deceased, in his hands, or which ought to be by reason of his being administrator of said estate; and by consent, this cause is referred to W. C. M., Esq., for the purpose of stating the final account of the said R. J. W. Beaman, administrator of R. C. D. Beaman, deceased, and the said referee is directed to make report at the next term of this court."

A majority of the Court are of opinion that this judgment, being docketed, became at once a lien on the defendant's property, and may now be enforced against such property by executtion.

My opinion is that said judgment is only *interlocutory* and creates no lien on anything. It seems to me that the penalty in the bond is the security provided by law to protect creditors and the heirs for the real debt and true amount when ascertained; and when that is ascertained and reduced to judgment, a lien is created. The plaintiff did not sue for or expect to collect that amount, unless the amount of the default was equal to it, and I doubt not that the defendant was of the same opinion; and I doubt if such a proposition has occurred to the mind of any practitioner. The industry of counsel has failed to find a single case in any State of this Union directly deciding and sustaining the proposition. No

DARDEN *v.* BLOUNT.

case in our State has been found declaring such a principle, and the absence of such a decision, in any of the States, is significant and pregnant proof against the correctness of the proposition. Many decisions are found bordering on the question, but not one is found declaring the affirmative of the proposition.

In *Williams v. Fields,* 60 Am. Dec., 426, it is held that "a decree reserving costs and other matters is interlocutory, until the coming in of the report." A long note is appended, collecting and citing perhaps 150 decided cases, but not one is found "on all fours" or deciding the direct question before us. Several cases are cited in the opinion, but how they help us I fail to see. They certainly do not decide the question nor the principle. For instance, *Perry v. Morris,* 65 N. C., 223, to the effect that a judgment is in the nature of a statutory mortgage. I need not question that, but what kind of a judgment? On examination I find that the judgment in that case was an absolute and *final* judgment rendered by a Justice of the Peace, and a transcript docketed in the Superior Court. This case is a sufficient sample of the cases cited and relied on by the Court in the present case. If the judgment in question is a lien, why need the plaintiff to have pursued the defendant any further, except by issuing her execution? And why will the Court order a reference, necessarily incurring additional labor, expense and cost? I am not disposed to write a list of cases, when none of them fit the case on either side. I think the long-established practice should continue, and I also think that reason is against the defendant's contention.