C. H. BROCK v. S. J. SCOTT.

(Filed 11 September, 1912.)

1. Courts—Justices of the Peace—Contracts—Damages—Jurisdiction—Remitting Excess—Interpretation of Statutes.

A plaintiff may sue on contract in the courts of a justice of the peace when the damages for its breach exceed the sum of $200, by remitting so much of the principal of the demand that is in excess of that sum. Revisal, sec. 1421.

**2. Same—Superior Courts—Nonsuit—Pleadings—Former Action.**

When a plaintiff has remitted the excess of $200 of his damages arising from a breach of contract in his action brought before a justice of the peace, so as to confer jurisdiction on that court (Revisal, 1421), and has obtained a judgment from which the defendant has appealed to the Superior Court, he may prosecute his action in the Superior Court, and take a voluntary nonsuit in his former action before the pleadings are filed in the second action, or it came on for trial; and the plea of the pendency of the former action is bad.

**3. Courts — Jurisdiction — Contracts—Justices of the Peace—Damages—Remitting Excess.**

The amount of damages demanded by a plaintiff in good faith determines the jurisdiction of the Superior Court, and not the amount of recovery; and the fact that he has remitted damages in excess of $200 in his action on contract sued on in the court of a justice of the peace does not necessarily oust the jurisdiction of the Superior Court in an action brought on the same contract there.

**4. Same—Waiver.**

The plaintiff having remitted the amount of damages arising on contract in excess of $200, so as to confer jurisdiction on the court of a justice of the peace, and having taken a voluntary nonsuit in the Superior Court on defendant's appeal, is deemed to have waived the excess so remitted in his action on the same contract brought in the Superior Court, and his recovery is limited to the amount sued for in the justice's court.

APPEAL by plaintiff from *Bragaw, J.,* at March Term, 1912, of CURRITUCK.

This was a civil action for debt, the plaintiff demanding, in his complaint, $251.02. An action had previously been instituted between the same parties before a justice of the peace, on the same cause of action, in which the amount above $200 was remitted to confer jurisdiction. An appeal from the judgment rendered by the justice was taken to February Term, 1910, of the Superior Court of Currituck, at which term, and on Wednesday of the same, the plaintiff took a voluntary nonsuit.

Prior to the taking of this nonsuit, summons in this action was issued and served, which summons was returnable to this same February Term, 1910, at which the nonsuit above mentioned was taken. The nonsuit in the action instituted before

the justice was taken before any pleadings in this action were filed by either party. At this term the defendant appeared, and both parties asked and obtained time to plead. Between this and the succeeding term the plaintiff filed his complaint for the whole amount of $251.02, and at the succeeding or Fall Term, 1910, the defendant filed no plea and made no motion to dismiss, but again asked for time to answer.

Between September Term, 1910, and March Term, 1911, the answer of defendant was filed, setting up, among other defenses, a plea that an action was pending between the same parties for the same cause at the time of the institution of this action.

No motion for the determination of the plea filed was made by the defendant, though the cause was continued from term to term until February Term, 1912, from which this appeal was taken. At this last term, when the case was called, defendant for the first time moved to dismiss the action. The motion was allowed, and plaintiff excepted and appealed to this Court.

*E. F. Aydlett and J. C. B. Ehringhaus for plaintiff.*
*Ward & Grimes for defendant.*

ALLEN, J. The pendency of the action commenced before the justice of the peace, at the time this action was instituted in the Superior Court, did not justify the judgment of dismissal, because a judgment of nonsuit was entered in the former action before pleadings were filed in this or it came on for trial. *Grubbs v. Ferguson,* 136 N. C., 60; *Cook v. Cook, ante,* 46.

In the case last cited, *Justice Hoke,* speaking for the Court, says: "As a general rule, this right to plead the pendency of another action between the same parties before judgment had is regarded to a large extent as a rule of convenience, resting on the principle embodied in the maxim, '*Nemo debet bis vexare,*' etc. The defect is one that can be waived, and it may also be cured by dismissing the prior action at any time before the hearing."

Nor do we think it is true, as contended by the defendant, that the Superior Court has no jurisdiction of the plaintiff's cause of action.

The plaintiff alleges in his complaint facts which, if true, entitle him to a judgment for more than $200, and it has been repeatedly held that it is the sum demanded in good faith which determines the jurisdiction. *Sloan v. R. R.,* 126 N. C., 487; *Cromer v. Marsha,* 122 N. C., 564; *Horner School v. Wescott,* 124 N. C., 518; *Boyd v. Lumber Co.,* 132 N. C., 186; *Shankle v. Ingram,* 133 N. C., 254; *Thompson v. Express Co.,* 144 N. C., 392.

The fact that the plaintiff was mistaken as to the legal effect of remitting the excess over $200, in order to confer jurisdiction on the justice, and cannot now recover more than that sum, does not oust the jurisdiction.

In *Boyd v. Lumber Co., supra,* the sum demanded was $225, and the plaintiff admitted on the trial that he was not entitled to recover more than $178.25, and *Justice Walker* says, in discussing a motion to nonsuit, which was denied: "The aggregate sum demanded in good faith is the test of jurisdiction, and if the plaintiff claimed more than $200, the fact that he failed in his proof to establish all of his claim did not oust the jurisdiction of the court. The plaintiff may claim a sum sufficient to give the court jurisdiction and a part of his claim may be based upon an erroneous principle of law, and for this reason he may fail to recover that part, and the total recovery may therefore fall short of the jurisdictional amount; but the court will still have jurisdiction of the case and may award judgment for the smaller sum, provided it appears that the right to recover the larger amount was asserted in good faith." And in *Horner School v. Wescott, supra,* it was held that the Superior Court had jurisdiction of a cause of action based on a contract, the plaintiff demanding $479.25, when he was mistaken as to the construction of the contract and under its terms could not recover more than $200.

There is no suggestion that the plaintiff was not acting in good faith and did not believe that he was entitled to recover the amount demanded, and no reason can be assigned, upon the facts appearing in the record, for taking a nonsuit in the action commenced before the justice, except that he believed he was entitled to and would claim the full sum alleged to be due

him, as an appeal had been taken, and the case would be tried in the Superior Court in any event.

We are of opinion, however, that the act of the plaintiff in remitting the excess over $200 in order to confer jurisdiction on the justice operates as a release, and that the recovery must be limited to that sum.

The statute, Revisal, sec. 1421, provides that, "Where it appears in any action brought before a justice, that the principal sum demanded exceeds $200, the justice shall dismiss the action and render a judgment against the plaintiff for the costs, unless the plaintiff shall remit the excess of the principal above $200, with the interest on said excess, and shall, at the time of filing his complaint, direct the justice to make this entry: 'The plaintiff in this action forgives and remits to the defendant so much of the principal of this claim as is in excess of $200, together with the interest on said excess.'"

The justice of the peace has no jurisdiction in civil actions founded on contract, if the sum demanded, exclusive of interest, exceeds $200, and the plain purposes of section 1421 of the Revisal is to give to one holding a debt the opportunity of a speedy trial before a justice, by reducing his debt to $200, instead of requiring him to wait for a term of the Superior Court.

The plaintiff was not compelled to sue before a justice, but he had the privilege of doing so, and the statute imposes as a condition to the exercise of this privilege that he "forgive and remit to the defendant" so much of the principal of the claim as is in excess of $200, which is in effect a release. If this is not the correct interpretation of the statute, it would seem that but one other conclusion could be reached, and that is, that the plaintiff having a claim in excess of $200 can remit the excess and recover judgment for $200, and hold the excess as a claim against the debtor, which could not have been contemplated.

The case of *Coggins v. Harrell,* 86 N. C., 320, sustains this view. In that case the plaintiff sued a surety on the bond of a constable, the penalty of the bond being $4,000, to recover $140, and undertook to remit the penalty of the bond in excess of $140, and the Court, after holding that the plaintiff did not

have the right to remit, says: "If this plaintiff could remit the penalty of the bond as attempted in this case, the bond would be satisfied by the judgment rendered upon it, and no action would lie for any further breaches thereof by other parties claiming to be injured thereby."

We conclude that the Superior Court has jurisdiction, but that the plaintiff cannot recover more than $200 principal money.

Reversed.