**W. O. Wright and L. R. Newfield, trading as W.right & Newfield, Appellees, v. Jennie Hansen Swartz, Appellant.**

**Gen. No. 29,335.**

Appeal and error—*liability on appeal bond.* Where a judgment was reversed with directions to the lower court to enter a judgment for a lesser sum it is a judgment of reversal, not in effect one of affirmance, and the surety on the appeal bond which contained a condition that appellant should pay the amount of the judgment to be rendered against him "in case the said judgment shall be affirmed in said Appellate Court," was not liable for appellant's failure to pay the amount of the modified judgment.

Appeal by defendant from the Municipal Court of Chicago; the Hon. John F. O'Connell, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1924. Reversed. Opinion filed December 16, 1924.

Edward N. Sherburne, for appellant.

REGINALD C. DARLEY, for appellees.

MR. JUSTICE BARNES delivered the opinion of the court.

Upon an appeal by one Morgen from a judgment against him for $1,500 in favor of W. O. Wright and L. R. Newfield (appellees herein), this court ordered that the judgment "be reversed, annulled, set aside and wholly for nothing esteemed," and that said Wright and Newfield recover of and from said Morgen $600 damages, and that Morgen recover of and from them his costs expended in this court and in the trial court. Appellees brought this suit against the surety on the appeal bond given in that case.

The facts are undisputed. The case was heard before a trial judge upon a certified copy of the appeal bond, a certified copy of the final order of the Appellate Court, and a stipulation that no part of the judgment for $600 had been paid, and the court found the issues for plaintiffs (appellees), and assessed their damages for said sum and interest, to wit, $608.

It is urged that the court's finding and judgment herein are contrary to the law and the evidence.

The two conditions of the bond were that the appeal should be prosecuted with effect, and that Morgen should pay the amount of the judgment to be rendered against him "in case the said judgment shall be *affirmed* in said Appellate Court."

That the appeal was prosecuted with effect is not questioned, and that the form and effect of an order that a judgment be "reversed, annulled, set aside," etc., is one of reversal and not affirmance is equally unquestionable, for the effect of reversing a judgment of the lower court is to abrogate it. (*Ure v. Ure*, 223 Ill. 454; *Chickering v. Failes*, 29 Ill. 303.) Where a judgment was reversed with directions to the lower court to enter a judgment for a lesser sum it was held that the judgment of reversal was not in effect

an affirmance but a reversal. (*Rothgerber v. Wonderly*, 66 Ill. 390.) This must be equally true whether on reversal such a judgment is directed to be entered in the lower court or is entered by the Appellate Court. The effect upon the judgment appealed from is the same. It is incongruous to say that an order which expressly reverses, and therefore abrogates the judgment appealed from, at the same time affirms it because a new judgment for the appellee for a lesser sum is entered in the Appellate Court. The new judgment shows that the appellant was successful in part at least, and therefore charges appellees with the costs of appeal. The condition of the bond requires an affirmance and not, as in some cases, "to pay the amount of the judgment rendered or to be rendered."

As it is an established rule that a surety has the right to stand upon the strict terms of his obligation, and a recognized principle that the terms of the instrument cannot be enlarged or varied by judicial construction or extended by implication (*Shreffler v. Nadelhoffer*, 133 Ill. 536), and as the appeal was prosecuted with effect and the judgment was expressly reversed and not affirmed, it follows that the record does not show a breach of either of the conditions of the bond or a cause of action, and that on the undisputed facts the judgment must be reversed.

*Reversed.*

FITCH, P. J., and GRIDLEY, J., concur.