HELEN PRENTZAS v. HAROLD E. MORROW, TRADING AS MORROW DRUG COMPANY.

(Filed 14 December, 1949.)

**1. Abatement and Revival § 8—**

A plea in bar for pendency of a prior action between the parties is bad when it appears that at the time of the plea the prior action had been terminated by voluntary nonsuit.

**2. Ejectment § 3—**

It is not required that there be a second notice to the tenant to vacate in order to sustain a subsequent action in ejectment after nonsuit, since such notice is not primarily a notice of intended legal action upon noncompliance, and does not lose its effectiveness because of the nonsuit.

DEFENDANT'S appeal from *Gwyn, J.,* April 4, 1949, Civil Term, GUILFORD Superior Court.

The plaintiff instituted summary proceedings in ejectment against the defendant in the Civil Division of the Municipal-County Court of the City of Greensboro, alleging that the defendant entered into possession of a storeroom in Greensboro as tenant of the plaintiff and holds over, refusing to surrender possession to plaintiff after his term has expired.

Plaintiff further alleges that the defendant owes her the sum of $516.00 as unpaid rents during the period of his occupancy.

The case was heard in that court, and there was judgment in favor of the plaintiff, and defendant appealed to the Superior Court of Guilford County, where the case was heard *de novo.*

The relevant evidence taken on this trial is substantially as follows:

*Plaintiff's Evidence.* The plaintiff testified that she owned the building involved in the proceeding; that her husband, John Prentzas, is her agent, with authority to so act with reference to all matters connected with the rental, management, and control of the property.

John Prentzas testified that there had been no rent paid since November 30, 1948. That he had given notice to Morrow to vacate subsequent to December 1, and on failure had brought an action for possession. It turned out that the action had been brought the day before the notice had expired, and his attorneys took a voluntary nonsuit. The present proceeding was instituted immediately after that nonsuit.

The witness testified further that the property was rented to the defendant on a month-to-month basis. He testified that notice was given defend-

ant on the first or second of November to vacate the first of December. The plaintiff had no agreement with defendant about a thirty-day notice. The notice was put in evidence,—dated November 2, and demanding that the defendant vacate the premises within thirty days.

On cross-examination the witness stated that when the other action for ejectment was brought Morrow was entitled to one more day of possession. That he went to the City Court right after the judgment of nonsuit was taken; and that he did not know when the judgment was signed. That he paid the costs that day to Mr. Kimbro. He testified, however, that he had notified Morrow to vacate the property subsequent to December 1.

Defendant moved for judgment of nonsuit, which was declined, and defendant excepted.

*Defendant's Evidence.*    Defendant offered in evidence the affidavit and summons in the present proceeding, dated February 21, 1949; and the affidavit and summons in an action dated December 1, 1948, before J. E. Paschal, J. P., and appeal therein by defendant, filed in the office of the Clerk of the Superior Court December 3, 1948, and judgment in the latter court dismissing the action on voluntary nonsuit by the plaintiff, and taxing plaintiff with costs.

The defendant, at the close of the evidence, renewed his motion to dismiss as of nonsuit, which was declined, and defendant excepted.

The evidence was submitted to the jury, which found the issues in favor of the plaintiff.   Motion to set aside the verdict was declined, and judgment rendered requiring defendant to vacate the premises, and adjudging recovery by plaintiff of unpaid rent.   Defendant excepted and appealed.

*Smith, Wharton, Sapp & Moore for plaintiff, appellee.*
*Wm. E. Comer for defendant, appellant.*

SEAWELL, J.   The appellant bases his right to a dismissal of this proceeding on two grounds: First, that there was another suit pending involving the same subject matter when the instant case was begun.   But he succeeded in showing that the prior case had been dismissed long before the present case was called for a hearing, and that it was not pending when he made his plea in bar.   *Grubbs v. Ferguson,* 136 N.C. 60, 48 S.E. 551; *Cook v. Cook,* 159 N.C. 48, 74 S.E. 639; *Brock v. Scott,* 159 N.C. 513, 75 S.E. 724.   In fact, if he ever made it in that form in the lower court it does not so appear in the record.   Second, he contends that the present case is brought without statutory notice to the tenant to surrender the premises.

Notice to the tenant to vacate, while necessary to support an action in summary proceedings in ejectment, is not primarily a notice of intended

legal action if he does not comply. It is intended to prevent his being summarily thrown out of possession, with no opportunity to readjust himself, when he has reason to believe the rental status will continue. It is an extrajudicial transaction between the parties, which, when found to be a fact, is sufficient to sustain a subsequent action by the court in a trial on the merits, notwithstanding prior nonsuit. The notice was in substantial compliance with the statute and did not lose its effectiveness because of the nonsuit.

We find

No error.