State on relation of THE COMMISSIONERS OF WAKE COUNTY v. ALBERT MAGNIN and others.

*Coun'y Treasurer--Action on Official Bond by County Commissioners --School Fund--Sufficiency of Complaint--Appeal from Order Overruling Demurrer.*

1. An action upon the official bond of a County Treasurer ( conditioned that he as Treasurer and disburser of the School Fund should well and truly disburse, &c.,) for the recovery of money belonging to the School fund of the County collected by him and not paid over, is properly brought in the name of the Board of Commissioners of the County.

2. In such action, where the complaint alleged that " the said treasurer accounted with the plaintiffs concerning moneys which had come into his hands as said treasurer, and on such accounting was found to be in arrears and indebted to said County in the sum," &c., but failed to allege that any of the school fund or money ever came into the defendant's hands ; *Held*, to be demurrable.

3. An appeal lies to this ·Court from an order of the Court below overruling a demurrer.

Civil Action, tried at Fall Term, 1877, of Wake Superior Court, before *McKoy, J.*

This was an action on the bond of defendant Magnin, in which it was alleged that he was duly elected and appointed Treasurer of Wake County on the 9th of September, 1873, and that on the 19th of said month, said Magnin and the

other defendants, his sureties, executed their bond payable to the State in the penal sum of $40,000 conditioned that said Magnin as Treasurer of said County and Disburser of school money should well and truly disburse the money which came into his hands as the law required. It was further alleged that in 1874, the said Treasurer in accounting with the plaintiff for the money which he had received as such, was found in arrear, and indebted to said County in the sum of $2,613.70 which he had failed to pay over according to law, and judgment was demanded for the same, and interest.

The defendants demurred to the complaint and said that it did not state facts sufficient to constitute a cause of action, in this, that it appeared upon the face of the complaint that the said Board of Commissioners, if the cause of action therein exists at all, were not the proper relators to institute this action, but that the County Treasurer of said County should have been the relator therein; and that it is not alleged that the moneys, which it is alleged therein, were collected by said Magnin as Treasurer, and which it is therein further averred that he failed to pay, were collected by him under and by virtue of his appointment to said office for the same term of said office for which the bond declared on was conditioned that the said Magnin should, during his continuance in office as Treasurer of Wake County, well and faithfully execute the duties thereof and pay according to law, &c.

His Honor overruled the demurrer. The defendants excepted and asked that a notice of appeal be entered, which the Court refused, but permitted the defendants to answer upon the condition that a copy of the answer was furnished the plaintiff 20 days before the next term of the Court. From which ruling the defendants appealed.

*Messrs. T. R. Purnell* and *T. P. Devereux*, for plaintiff.

*Messrs. Walker Clark, A. W. Tourgee, E. G. Haywood, D. G. Fowle* and *A. M. Lewis,* for defendant Magnin and his sureties.

READE, J. Battle's Revisal, ch. 27, § 31, Title, *Counties and County Commissioners,* make it the duty of the Commissioners to induct into office all of the County officers and to take their bonds. And ch. 30, § 9, Title, *County Treasurer,* makes it the duty of the Commissioners to sue on such bonds when tho County Treasurer shall report to them a breach. And § 5 makes it the duty of the Commissioners to sue the County Treasurer for a breach of his bond. And ch, 80, § 10, Title, *Official Bonds* gives a right of action to any person injured. And in ch. 102, § 41, Title, *Revenue,* the right of action against a Sheriff is given to the County Treasurer, and if he refuse, to the County Commissioners.

It is to be regretted that our statutes have left such an important matter so much at sea. The bond sued on is exceptional. It is treated as if it were the bond of the County Treasurer conditioned for his duties as County Treasurer. But that is not *precisely* so. It is entirely distinct from the County Treasurer's general bond, and is not provided for under that chapter entitled County Treasurer, which provides for his general bond and prescribes his duties. It is provided for in ch. 68, §§ 32, 34, Title, *Literary Fund,* as follows; The County Commissioners of each County shall constitute a Board of Education for the County &ast; &ast; &ast; the County Treasurer shall be the Treasurer of the County Board of Education &ast; &ast; &ast; but before entering upon the duties of his office he shall execute a bond with sufficient security &ast; &ast; &ast; for the faithful performance of his duties *as Treasurer of the County Board of Education.* And then it is made his duty to receive and disburse the school fund of the County; and in this he is sometimes styled the County Treasurer, and sometimes, the Treasurer of the

County Board of Education; and no special provision is made for a suit upon his bond for the school fund; and so, we must suppose it must fall under the provisions for suits on the general bond of the County Treasurer by the County Commissioners.

The bond sued on in this case is for the *school fund;* and we are of the opinion that *ex necessitate* the County Commissioners must have the right to sue. To confine the right to his successor in office would be impracticable, for in many cases he would be his own successor.

The objection that if the Commissioners sue they must receive the money and they are not bonded officers and might waste it, may be obviated by having the recovery paid in and disbursed under the direction of the Court.

The first ground of demurrer, that the Commissioners are not proper parties is overruled.

We have already said that this suit is upon the bond for the school fund. But there is no allegation in the complaint that any of the school fund or money ever came into the defendant's hands. It is only charged that " the said Treasurer accounted with the plaintiffs concerning moneys which had come into his hands as said Treasurer, and on such accounting was found to be in arrears and indebted to the said County of Wake in the sum," &c. There is therefore no breach assigned for receiving and not disbursing the school money, which is the only duty covered by the bond. For this defect in the complaint, the second specification for demurrer is allowed.

The other grounds for demurrer are overruled. There is error. There will be judgment here sustaining the demurrer in the particular named above; and judgment that the defendant recover his costs and go without day.

It is objected by the plaintiffs that the order below overruling the demurrer was not appealable; because it was not a *final* judgment nor did it affect *substantial rights.* C. C. P. § 299.

We have, however, over and over again entertained ap-peals from such orders ; and although it may admit of doubt whether the Code would not bear a different construction, yet it is a matter of practice which experience can best test and if found to be inconvenient, it can be easily altered by legislation, or possibly, by a rule of this Court. But it ought not to be left at sea to wreck legal navigation, and therefore we decide that the order was appealable. In this case it works well, because it puts an end to the action and saves the expense and trouble of a trial, which could have availed nothing. But in a kindred case between the same parties at this term where the demurrer is overruled, it had not the same advantage; for the case has to go down for an answer and trial. Yet even in that case the decision of this Court upon the demurrer may be, and we suppose will be, decisive of the case upon its merits.

There is error. Judgment reversed and judgment here for defendants.

Error.

PER CURIAM.                          Judgment reversed.