STATE ex rel. JOHN L. WESCOTT v. JOHN H. THEES and others.

*Counties—Official Bonds, party to suit on—Commissions.*

1. An action upon a county treasurer's bond to recover an amount alleged to be due the county, must be brought on the relation of the commissioners, and not by the successor treasurer.

2. The treasurer of a county is entitled to one and a half per cent. commissions on receipts and one and a half on disbursements; but the exception to the referee's report, in this case, that he failed to charge the defendant with commissions paid him in excess of those allowed by law, has no foundation, and will not be sustained—the balance found due the defendant being larger than the amount of the excess of legal commissions.

(*Commissioners* v. *Magnin,* 78 N. C., 181 and 186, cited and approved).

CIVIL ACTION tried upon exceptions to the report of a referee, at Fall Term, 1882, of BRUNSWICK Superior Court, before *Gilmer, J.*

Plaintiff appealed from the judgment overruling his exceptions.

*Messrs Russell & Ricaud*, for plaintiff.
*Mr. E. S. Martin*, for defendant.

ASHE, J.   This action was brought by the plaintiff, as treasurer of Brunswick county, against the defendant, his predecessor in office, and the other defendants, sureties upon his official bond.   The receipt of large sums of county funds by the defendant while in office, which it was alleged he had failed to account for, was assigned as a breach of his bond.   This allegation was denied by the defendants; and for a further defence, they alleged that at the last meetings of the board of county commissioners, for the years 1875 and 1876, held prior to the commencement of this action, the defendant Thees accounted with a committee duly appointed, for all money that had come into his hands as treasurer of the county; that his accounts were audited by the committee and reported to the board of commissioners and approved by them, and filed with the clerk of the board and recorded in the books of his office; that in December, 1876, he came to a full and fair settlement with Wescott, the plaintiff, his successor in office, and paid over to him the balance then found to be due, and holds his receipt for the same.

The case was referred to R. S. French, as referee, to state an account of the receipts and disbursements of the defendant as treasurer.   The account was accordingly taken and a report made to fall term, 1872, of the superior court.

The plaintiff, examined as a witness before the referee, produced a book of the treasurer in which the defendant kept his accounts with the county commissioners.   The book contained two settlements of the defendant's accounts with the commis-

sioners; the first, in September, 1872, which was signed by the chairman and two other members of the board; and the second, dated November 27th, 1876, which was signed by the chairman and three other members of the board.

The referee, concluding that he had no right to open these settlements, took the account of such items as were not included therein, and reported that the aggregate of the debts of all the accounts against the defendant, as treasurer, was $5,327.56, and the aggregate of the credits was $2,891.87, leaving a balance of $2,435.69; and that on the 15th of December, 1876, there was a settlement between the defendant and the plaintiff, as treasurer, and the defendant then paid over to him in cash the sum of $3,747.47, and also turned over to him in vouchers, county orders, which the defendant had paid, amounting to $2,330.49; and also county bonds which he had paid, to the amount of $112.50. These credits included commissions at two and one-half per cent., which the defendant claimed and retained.

The conclusion of the referee was, and he so reported, that there was a balance of $1,301.78 due the defendant, and that he had fully settled his accounts, leaving nothing due by him or his sureties to the county of Brunswick on account of his office of treasurer.

There were several exceptions taken to the report of the referee, but were all withdrawn except one, which is as follows:

" The referee should have charged the defendant with the difference between the commissions that were withheld by him and the commissions he was authorized to receive by law; that is to say, with the excess retained by him over and above the amount allowed by law."

With the large balance found due to the defendant, it could make no possible difference, so far as concerns this case, whether the referee allowed the defendant the two and a half per cent. commissions, or only what the law allowed, which was one and a half per cent. on receipts and one and a half per cent. on disbursements; for his commissions at two and a half per cent.

would not amount to one-half of the balance found due to the defendant. So that, the exception is without any foundation. The judgment of the superior court is therefore affirmed.

Lest our silence may be misconstrued, and this action taken as a precedent for suing in the name of the treasurer, we take the occasion to say, that it should have been brought upon the relation of the commissioners of the county; but no exception was taken upon that ground, either here or in the court below, and it can make no difference in this case, as the judgment is against the plaintiff upon the merits. Bat. Rev., ch. 27, §5; *Commissioners of Wake* v. *Magnin*, 78 N. C., 181 and 186.

No error.                                        Affirmed.