## J. T. RAMSAY v. RICHMOND & DANVILLE RAILROAD CO.

### *Corporations—Railroads.*

The rule announced in *Stanly* v. *Railroad*, 89 N. C., 331, to the effect that in a suit against a railroad company it may be designated by its corporate name, affirmed.

(*Com'rs* v. *Magnin*, 78 N. C., 181; *Stanly* v. *Railroad*, 89 N. C., 331; *Phillips* v. *Railroad*, 78 N. C., 294, cited and approved.)

CIVIL ACTION for damages tried at Fall Term, 1883, of GASTON Superior Court, before *Gilmer, J.*

The plaintiff in his complaint alleges:

1. That the defendants (Richmond & Danville and Atlanta & Charlotte Air-Line) are railroad corporations owning and operating a railroad from Charlotte in this state to Atlanta in Georgia.

2. That, on November 10th, 1882, the defendants' train wilfully and negligently ran over and killed a mule belonging to him, that had strayed off and was upon the track of their road, without his fault, near Gastonia in this state, of the value of $175, to recover damages for which the present suit is prosecuted.

The defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that:

1. That the first allegation is vague and indefinite, and it does not appear therefrom by what authority the defendant corporations own and operate a road in North Carolina.

2. Nor does it appear that the defendants, or either of them, have any legal existence in this state or in Georgia.

3. Nor that the defendants have been chartered by the laws of North Carolina, or of any other state, nor whether the defendants are joint or several corporations, or have

power and authority to operate together or singly, as owners, lessees or otherwise, the said road from one terminus to the other.

At the hearing the demurrer was overruled and judgment being rendered for the plaintiff, the defendants appealed.

*Messrs. Battle & Mordecai* and *Hoke & Hoke,* for plaintiff.
*Messrs. G. F. Bason* and *Reade, Busbee & Busbee,* for defendant.

SMITH, C. J. The right of the defendants at once to appeal from a judgment over-rulling a demurrer to the complaint is expressly declared in the case of the *Commissioners of Wake* v. *Magnin,* 78 N. C., 181, and has been repeatedly recognized and acted on since.

We think all the assigned causes of demurrer are insufficient under the ruling in a case to which much consideration was given, referred to in the argument for the plaintiff, by the authority of which we abide. *Stanly* v. *Railroad,* 89 N. C., 331.

The defence here set up, in substance, is the omission to aver an incorporation of the respective companies and authority conferred to operate a railroad in the state, or to state whether the defendants are associated companies or a single company.

But what difference can it make in respect to the plaintiff's right of recovery for his destroyed property, whether two companies are running the road in association or co-partnership or together constitute a single company ? There is however no uncertainty on the point, for they are said in the complaint to be " Railroad Corporations," each being a corporation, and that they operate a road between the two designated terminal points. It is quite sufficient, if this averment be true, to subject them to the plaintiff's

action for the consequences of their negligent action. There is no reason why companies under separate management may not so unite in running a road as to make both responsible for a wrongful act. *Phillips* v. *Railroad*, 78 N. C., 294. The demurrer was therefor properly overruled and the plaintiff allowed to proceed with the action.

We mean simply to affirm the judgment rendered upon the demurrer which is the only point presented in the appeal and the cause will thence proceed without regard to the subsequent words, "judgment for plaintiff," which if they have any significance must be understood as having reference to that overruling the demurrer according to the provisions of the Code of Civil Procedure, § 272.

There is no error. Let this be certified to the superior court of Gaston county.

No error.                                                Affirmed.