### RACHEL FRISBY v. TOWN OF MARSHALL.

*Practice—Demurrer—Action for Damages against Municipality—Presentation of Claim to Town Authorities for Audit and Payment—Code, Section 757.*

1. When a demurrer to a complaint is interposed the approved practice is that it be followed by a judgment sustaining or overruling it, with an appeal from the judgment if it sustains the demurrer.

2. A claim for damages against a municipality is not such a claim as must, under the provisions of Section 757 of *The Code*, be presented to the municipal authorities to be audited and allowed or refused before action can be brought thereon.

CIVIL ACTION, for damages, tried before *Timberlake, J.,* at February Term, 1896, of MADISON Superior Court. The plaintiff filed, by her counsel, a complaint and defendant answered. When the case was called for trial the defendant demurred *ore tenus* to the complaint, and moved to dismiss the action on the ground that the complaint is not verified, and that it does not allege that the plaintiff presented her claim to the lawful municipal authorities to be audited and allowed, and that they had neglected to act upon it or had disallowed it, which motion was sustained by the court, and plaintiff submitted to a judgment of non-suit and appealed.

No counsel for appellant.
*Mr. J. M. Gudger, Jr.,* for defendant.

FURCHES, J. : This case comes to us on plaintiff's appeal, and was submitted upon the record without brief or argument. We find upon examining the record that when the case was called for trial the defendant demurred *ore tenus*

FRISBY *v.* TOWN OF MARSHALL,

to the plaintiff's complaint, and upon an intimation from the court sustaining the demurrer the plaintiff submitted to a judgment of non-suit and appealed.

This seems to us to be a new practice and a new way of getting the opinion of the court reviewed. The usual practice is, a judgment sustaining or overruling the demurrer, and an appeal from that judgment if it sustained the demurrer. But taking into consideration the whole record and the case on appeal, we suppose we should treat the case as if this course had been pursued. And we find from the case that but one question is presented for our consideration, and that is " that the plaintiff's complaint is not verified, and that it does not allege that plaintiff presented her claim to the lawful municipal authorities to be audited and allowed, and that they had neglected to act upon it or had disallowed it," and that the demurrer was sustained upon this ground. This ruling of the court was erroneous. *Shields* v. *Town of Durham*, 118 N. C., 450 ; *Sheldon* v. *Asheville*, at this Term. But we think it proper to say that both these cases (of Shields and Sheldon, *supra*) have been decided since this case was decided by the court below. There is error and a new trial is awarded.

New Trial.