## W. H. SHELBY v. CHARLOTTE ELECTRIC RAILWAY, LIGHT AND POWER COMPANY.

(Filed 29 April, 1908).

1. **Pleadings—Distinct Defenses—Demurrer.**

     When two separate and distinct defenses are pleaded the plaintiff may demur to one of them. Revisal, sec. 435.

2. **Pleadings—Distinct Defenses—Demurrer—Appeal, Fragmentary—Dismissed.**

     An appeal from the refusal of the court to sustain a demurrer of plaintiff to one of two separate and distinct defenses is fragmentary and will be dismissed. It is otherwise when a demurrer to one defense is sustained, or the demurrer to whole defense is overruled.

3. **Pleadings—Distinct Defenses—Demurrer Overruled—Objections and Exceptions.**

     When the plaintiff demurs to one of two separate and distinct defenses and the demurrer is overruled, the plaintiff should note an exception and the trial proceed upon both.

APPEAL by plaintiff from an order of *Moore, J.,* overruling demurrer to the answer, at January Term, 1908, of MECK-LENBURG.

The facts are stated in the opinion.

*Stewart & McRae* for plaintiff.
*Tillett & Guthrie* for defendant.

CLARK, C. J. The defendant pleaded in its answer two separate and distinct defenses. The plaintiff demurred to one of them, as he had a right to do. Revisal, sec. 435. The demurrer was overruled, and the defendant appealed. This is obnoxious to the rule forbidding fragmentary appeals. An appeal from a ruling upon one of several issues will be dismissed. *Hines v. Hines,* 84 N. C., 122; *Arrington v. Arrington,* 91 N. C., 301.

The plaintiff should have noted his exception and the Judge should have proceeded with the trial upon both issues. If both issues or only the issue as to this defense were found with

the plaintiff he would not need to appeal as to this ruling. If the other defense were found against the plaintiff, ordinarily he would not need to review the order overruling the demurrer as to this, but should he desire to do so the overruling the demurrer as to this issue can be as well reviewed on appeal from the final judgment. It is true that the plaintiff will have to try this issue, but, aside from the presumption that the Judge ruled rightly, it is better practice that the issue raised by the second defense should be tried, even unnecessarily, than that an action should thus be cut in two and hung up in the courts till it is determined, after much delay, on appeal, whether two issues or one should be tried. It is better to try both, and after final verdict and judgment pass upon the validity of the defense demurred to, if the result is such as to make the plaintiff still desirous to review it, which he will not be if he gain the case, nor if he lose on the other issue without ground of exception thereto.

If this demurrer to one defense had been sustained a different situation would be presented and an appeal would lie at once, for to try the case on one defense might cause a verdict and judgment against the defendant, which might be defeated if the other defense were passed on. That would "affect a substantial right," and hence an appeal lies. Revisal, sec. 587. Whereas no harm would result from trying both defenses on issues as to each, since the exception to submitting this issue can be reviewed in passing upon the appeal from the final judgment. Judgment on appeal could then be entered without requiring a new trial.

It is true that when a demurrer to the whole cause of action or the whole defense is either overruled or sustained an appeal lies. *Commissioners v. Magnin,* 78 N. C., 181; *Ramsay v. Railroad,* 91 N. C., 418; *Frisby v. Marshall,* 119 N. C., 570; *Clark v. Peebles,* 122 N. C., 163. Such appeal is not fragmentary, but affects the entire action. Indeed, in *Commissioners v. Magnin, supra,* the Court questioned whether an

appeal lay even in such case. The refusal of motions to dismiss for want of jurisdiction or that the complaint does not state a cause of action, even though they go to the whole action, are not such demurrers as permit an appeal. *Burrell v. Hughes,* 116 N. C., 430; *Joyner v. Roberts,* 112 N. C., 111; *Sprague v. Bond,* 111 N. C., 425. To allow appeals in such cases would admit of infinite abuse and vexation and delay to plaintiffs. Whether an appeal lies at once, or whether an exception should be noted to be reviewed on appeal from the final judgment, is a matter dependent almost entirely upon balancing inconveniences, and whether the class of orders to which the particular judgment belongs ordinarily requires suspension of all proceedings till it is reviewed. If no "substantial right is affected" by the delay (Revisal, sec. 587), ordinarily the exception should be noted and carried up for review on appeal from the final judgment.

Hence, fragmentary appeals like this, and premature appeals and appeals from interlocutory judgments, usually are not tolerated. It can prejudice neither party to have the issue as to the second defense found by the jury (plaintiff's exception being noted) at the same time the issue as to the other defense is found. With all the parties before the court and the facts fully brought out, a correct conclusion is more likely to be reached by both Judge and jury.

Appeal Dismissed.