CHANCEY CHAMBERS, ADMINISTRATOR, v. SEABOARD AIR LINE
RAILWAY COMPANY.

(Filed 22 November, 1916.)

**Appeal and Error—Nonsuit—Entries—Judgment—Release—Demurrer—Fragmentary—Premature.**

Where defendant denied the negligence, and also set up a release as a
defense in an action to recover damages for a personal injury, in the de-
fendant's answer, to which the plaintiff demurred, and there is a state-
ment that the court overruled the demurrer, and also it appeared that the
court asked the plaintiff if he desired to answer, with reply that he did
not so wish until the matter was settled on appeal, the appeal from such
action by the trial judge is both premature and fragmentary, for it should
be either from an entry of a judgment of nonsuit or reach to the entire
merits of the plaintiff's cause of action, which must be determined in the
Superior Court before an appeal will lie. And, in this case, as plaintiff
could have recovered notwithstanding the ruling of the judge on the de-
murrer, his appeal was dismissed.

CLARK, C. J., dissenting.

CIVIL ACTION tried before *Cline, J.,* at August Term, 1916, of UNION.

The action was brought to recover damages for personal injuries,
resulting in the death of plaintiff's intestate, alleged to have been
caused by defendant's negligence in running its engine and cars. De-
fendant, by its answer, denied the alleged negligence and pleaded con-
tributory negligence of the intestate, and further that the guardian
of the intestate, and his ward, who was a minor (19 years old) at the
time of his death, had settled and compromised any and all claim for
damages on account of the negligence of the defendant, if any, for the
consideration of $225 then paid by defendant to said guardian for his
ward, and for the same consideration, so paid, they then and there
released and discharged defendant "from all claims and causes of
action for or by reason of the injuries received by him (Steve Cham-
bers), and especially to his right side, leg, arm, and head, and all
injuries, on or about 4 April, 1914, at or near Polkton, N. C., while a
switchman in the employ of the Seaboard Air Line Railway." A
copy of the release was annexed to the answer. Plaintiff at first re-
plied to the answer, but afterwards withdrew her reply and demurred
to the same upon two grounds: (1) Because the guardian of the
intestate had no power or authority to compromise and settle his ward's
cause of action, and (2) because the release could not operate as a
discharge of the cause of action for the wrongful death, as the intes-
tate at the time of the injury was actually engaged in interstate com-
merce, and his case is governed by the Federal Employers' Liability

Act, the action for the injury and the one for the wrongful death being separate and distinct, though they may both be prosecuted by the administrator in a single action for the double wrong. The court overruled the demurrer as to both grounds stated therein, and inquired if plaintiff wished to make reply to the answer, plaintiff answering that she did not, until the ruling of the court had been reviewed and passed upon by the Supreme Court. Plaintiff excepted and appealed. It does not appear in the record that any formal judgment was entered upon the overruling of the demurrer and no judgment for costs. The court merely stated that the demurrer was overruled.

*Stack & Parker* for plaintiff.
*Frank Armfield, Cansler & Cansler* for defendant.

WALKER, J., after stating the case: We are of the opinion that this appeal is both premature and fragmentary. There is no judgment in the record, and it appears that none was filed. There is only the simple statement that the court overruled the demurrer. This is not a judgment, but merely a ruling of the court or an expression of its opinion that the demurrer was bad. There should have been a judgment upon this ruling, at least for the costs, and it has been so held by this Court in a similar case. *Rosenthal v. Roberson,* 114 N. C., 594, 596. In that case plaintiff, in deference to an adverse ruling, "took a nonsuit and appealed." This Court said that "Upon the submission by plaintiff to a nonsuit, judgment should have been entered against him for costs. This was not done. No judgment having been entered below, the appeal must be dismissed. *Taylor v. Bostic,* 93 N. C., 415, and other cases cited; *Clark's Code* (2d Ed.), 559. It is true, if it appeared that the omission of the judgment is a mere inadvertence and the appellant has merits, the court would remand the case to supply the judgment instead of dismissing the appeal. *Baum v. Shooting Club,* 94 N. C., 217." In *Milling Co. v. Finlay,* 110 N. C., 411, "it appeared that defendants submitted to a nonsuit upon their counterclaim, excepted and appealed," and the Court held that "an appeal did not lie, because it only lies from a judgment, and no judgment of any kind appears in the record." In *Milling Co. v. Finlay, supra,* the Court further said: "The record states that, upon the intimation of the court, the defendants submitted to a nonsuit upon their counterclaim and appealed. The appeal was premature, and would not lie till after a final judgment upon the plaintiff's cause of action," upon the ground also that the appeal was fragmentary.

But a case directly in point, upon the proposition that the appeal is fragmentary, is *Shelby v. R. R.,* 147 N. C., 537. That was an action to recover damages for personal injuries alleged to have been caused

by the defendant's negligence in running its cars. The defendant denied the alleged negligence and pleaded a release given for the same injuries. The pleadings were substantially like those in the case at bar. The plaintiff in that case demurred to the plea setting up the release. The court overruled the demurrer, and plaintiff appealed. That is our case exactly. It was there held, and we quote at some length, as the decision completely covers this case: "The defendant pleaded in its answer two separate and distinct defenses. The plaintiff demurred to one of them, as he had a right to do. Revisal, sec. 435. The demurrer was overruled, and the plaintiff appealed. This is obnoxious to the rule forbidding fragmentary appeals. An appeal from a ruling upon one of several issues will be dismissed. *Hines v. Hines,* 84 N. C., 122; *Arrington v. Arrington,* 91 N. C., 301. The plaintiff should have noted his exception, and the judge should have proceeded with the trial upon both issues. If both issues, or only the issue as to this defense, were found with the plaintiff, he would not need to review the order overruling the demurrer as to this; but should he desire to do so, the overruling the demurrer as to this issue can be as well reviewed on appeal from the final judgment. It is true that the plaintiff will have to try this issue, but, aside from the presumption that the judge ruled rightly, it is better practice that the issue raised by the second defense should be tried, even unnecessarily, than that an action should thus be cut in two and hung up in the courts till it is determined, after much delay, on appeal, whether two issues or one should be tried. It is better to try both, and, after final verdict and judgment, pass upon the validity of the defense demurred to, if the result is such as to make the plaintiff still desirous to review it, which he will not be if he gain the case, nor if he lose on the other issue without ground of exception thereto. If this demurrer to one defense had been sustained, a different situation would be presented, and an appeal would lie at once, for to try the case on one defense might cause a verdict and judgment against the defendant, which might be defeated if the other defense were passed on. That would 'affect a substantial right,' and hence an appeal lies. Revisal, sec. 587. Whereas no harm would result from trying both defenses on issues as to each, since the exception to submitting this issue can be reviewed in passing upon the appeal from the final judgment. Judgment on appeal could then be entered without requiring a new trial. It is true that when a demurrer to the whole cause of action or the whole defense is either overruled or sustained, an appeal lies. *Comrs. v. Magnin,* 78 N. C., 181; *Ramsay v. R. R.,* 91 N. C., 418; *Frisby v. Marshall,* 119 N. C., 570; *Clark v. Peebles,* 122 N. C., 163. Such appeal is not fragmentary, but affects the entire action. Indeed, in *Comrs. v. Magnin, supra,* the

court questioned whether an appeal lay even in such case. The refusal of motions to dismiss for want of jurisdiction or that the complaint does not state a cause of action, even though they go to the whole action, are not such demurrers as permit an appeal. *Burrell v. Hughes,* 116 N. C., 430; *Joyner v. Roberts,* 112 N. C., 111; *Sprague v. Bond,* 111 N. C., 425. To allow appeals in such cases would admit of infinite abuse and vexation and delay to plaintiffs." The Court further says, in drawing its conclusion from the above reasoning and former decisions of this Court: "Hence fragmentary appeals like this, and premature appeals and appeals from interlocutory judgments, usually are not tolerated. It can prejudice neither party to have the issue as to the second defense found by the jury (plaintiff's exception being noted) at the same time the issue as to the other defense is found. With all the parties before the court, and the facts fully brought out, a correct conclusion is more likely to be reached by both judge and jury."

There is nothing left for us to do but to abide by what is said and decided in *Shelby v. R. R.* and other cases we have cited. But that decision is strongly supported by a former one in *Knott v. Burwell,* 96 N. C., 272. That was an action for libel. Defendant denied the libel and pleaded a cause of action against the plaintiff for slander as a counterclaim. Plaintiff demurred to the counterclaim. With reference to this state of facts, the adverse action of the court upon the demurrer and the appeal of plaintiff therefrom, the Court said: "This being sustained by the court, and the counterclaim disallowed, the defendant appealed, and at the same time moved the court to suspend further proceedings in the action until the appeal could be heard and decided. This was also refused and the trial ordered to go on. To these rulings the defendant's first exception is taken, and it is, in our opinion, without support in law. The proposed appeal was premature, and the exception being noted upon the record, the ruling would come up for review after the final hearing upon an appeal then taken, and this opportunity is now afforded the defendant." To the same effect is *Bazemore v. Bridgers,* 105 N. C., 191. So it will be seen that the practice and procedure in such cases has been thoroughly settled by decisions above considered. *Justice Reade,* in *Comrs. v. Magnin, supra,* strongly intimated that the result as declared in the above cases was in accordance with the true construction and meaning of The Code, and if there were any cases to the contrary it might be well for this Court to settle the matter finally by the adoption of a rule forbidding such premature and fragmentary appeals and requiring an exception to be noted to the adverse ruling so that the trial of the case can proceed. The point may be reserved for consideration upon appeal at the final hearing. We think that it will, perhaps, be found that the

cases in which appeals have been entertained in this Court from the overruling of demurrers are those where a decision of the question would finally dispose of the case, and not merely be one step forward, and perhaps a useless one. For illustration, in this case, if we should entertain the appeal and sustain the ruling of the court, or even reverse it, the jury may find eventually that there was no negligence, or that plaintiff's contributory negligence was the proximate cause of the injury, or that the release was procured by fraud, or is otherwise invalid, in either of which events our labor here would be utterly lost, and all we did but vain, idle, and fruitless. It is better to follow what the present *Chief Justice* (who wrote the opinions for the Court in all the cases, but one, which we have cited) so well said in the case from which we have quoted, and not decide twice when once will suffice and avoid the expenditure of much time and labor.

The practice we here adopt as the preferable one, besides having been settled by our decisions, is not, in principle, unlike that in cases of nonsuit, where the courts have held that, upon an adverse intimation of the court, the plaintiff may submit to a nonsuit, if he so desires, but he cannot appeal from the judgment of nonsuit, entered upon his submission, and have it reviewed in this Court, if there is any ground left upon which he may recover, for the ruling must go to the whole case and prevent a recovery before an appeal will lie. We have so held during this term in *Chandler v. Mills,* 172 N. C., 366, where it was said: "The nonsuit and appeal were prematurely taken. The law with respect to this matter has been thoroughly well settled by this Court. Before a plaintiff can resort to a nonsuit, and have any proposed ruling of the trial court reviewed here by appeal, the intimation of opinion by the judge must be of such a nature as to defeat a recovery. If there is any ground left upon which the plaintiff may succeed before the jury, after the elimination of all others by an adverse intimation, the remedy is not by nonsuit and appeal, but the case should be tried out upon the remaining ground, for the plaintiff may recover full damages, in which case no appeal by him would be necessary. In other words, the threatened ruling must exhaust every ground upon which a verdict could be had, and, therefore, be fatal to plaintiff's recovery," citing *Hayes v. R. R.,* 140 N. C., 131; *Hoss v. Palmer,* 150 N. C., 12; *Merrick v. Bedford,* 141 N. C., 504; and *Midgett v. Mfg. Co.,* 140 N. C., 361, where the Court held: "An intimation of an opinion by the judge adverse to the plaintiff, upon some proposition of law which does not take the case from the jury and which leaves open essential matters of fact still to be determined by them, will not justify the plaintiff in suffering a nonsuit and appealing. Such nonsuits are premature, and the appeals will be dis-

missed. . . . If the plaintiff is permitted to take a nonsuit and appeal whenever an adverse ruling is made during the trial, not necessarily fatal to the case, it is possible the same case may be brought to this Court for review repeatedly, and numerous and unnecessary trials had in the court below. It is best that the case be 'tried out,' and then, if an appeal is taken, all the alleged errors excepted to during the trial may be reviewed here," citing *Hayes v. R. R., supra; Tiddy v. Harris,* 101 N. C., 591; *Gregory v. Forbes,* 94 N. C., 221, and *Crawley v. Woodfin,* 78 N. C., 4. We further said in *Chandler v. Mills, supra:* "The rule of practice itself has prevailed in our courts for many years, but it has been strictly confined in its application to cases where the intimation of opinion reaches to the whole case and leaves nothing for the plaintiff to stand upon, so that the review of the ruling in this Court will extend to all essential matters upon which a recovery could be based; otherwise the appeal would be fragmentary, and we would be giving our opinion upon a single question of law not finally determinative of the case, and trials would thus be uselessly multiplied and protracted."

In *Edwards v. Chemical Co.,* 170 N. C., 551, the demurrer of plaintiff was overruled, but it extended to the entire case, and the ruling of the court being sustained by us, we dismissed the action, as the plaintiff could not improve his case by amendment so as to recover. The demurrer in that case was not taken to one of two defenses, the other being sufficient, if true, to defeat the plaintiff, as was done here, but to one defense which, if good, was fatal to plaintiff's recovery, as we finally held by dismissing the action.

The decisions in *Royster v. Wright,* 118 N. C., 155, and *Bethell v. McKinncy,* 164 N. C., 74, are entirely consistent with our ruling. In those cases a release was set up as the only plea in bar, and the Court held that it should be passed upon before a reference was ordered, and for this reason alone the appeal was entertained. There was no other defense in bar of recovery to be determined, as there is here. In *Ramsay v. R. R.,* 91 N. C., 419; *Frisby v. Marshall,* 119 N. C., 570; and *Pender v. Mallett,* 122 N. C., 163, the demurrer extended to the entire complaint, and they are therefore wholly different from this case. We have already commented on *Comrs. v. Magnin,* 78 N. C., 181, and especially directed attention to the opinion of *Justice Reade* as to what should be the correct procedure, which agrees with our view.

It is needless to consider the other questions as to the effect of the Federal law upon a release and so forth.

Our conclusion is that the appeal was not only fragmentary, but premature, and cannot be entertained.

Appeal dismissed.

CLARK, C. J., dissenting: No appeal can be taken when a party simply announces that he will enter a nonsuit, for he cannot appeal from his own motion. It requires some judgment of the court for costs or otherwise from which the appeal lies, the intimation of the court against the plaintiff being the ground of exception.

As a general rule, an appeal lies only from a final judgment, but Revisal, 587, was enacted solely to make exceptions to this rule by specifying the instances in which an appeal lies from other than a final judgment, as follows: "An appeal may be taken from every judicial order or determination of a judge of a Superior Court upon,. or involving, a matter of law or legal inference, whether made in or out of term, which affects a substantial right claimed in any action or proceeding; *or* which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." Under this section a large number of cases have specified numerous instances in which an appeal lies from other than a final judgment. See citations in Pell's Revisal to . this section, 587. Among other instances is given: "An appeal lies from an order overruling or sustaining a demurrer." *Pender v. Mallett,* 122 N. C., 163; *Frisby v. Marshall,* 119 N. C., 570; *Ramsay v. R. R.,* 91 N. C., 419; *Comrs. v Magnin,* 78 N. C., 181; and there have been many others. A judgment sustaining a plea in bar (as a release) by overruling the plaintiff's demurrer thereto is appealable. *Royster v. Wright,* 118 N. C., 155; *Bethell v. M'cKinney,* 164 N. C., 74.

It is not necessary, nor indeed is it legal, to enter other judgment than "demurrer overruled," or "demurrer sustained," for Revisal, 506, provides: "After the decision of a demurrer, the judge shall, if it appear that a demurrer was interposed in good faith, allow the party to plead over, upon such terms as may be just." The only exception which permits of. a final judgment in such case is when the demurrer is adjudged to have been frivolous. If after overruling or sustaining a demurrer, the court could enter a final judgment, then, on appeal, if the appeal is sustained as to the demurrer, it would affirm the final judgment, whereas Revisal, 506, provides that the court can merely act on the demurrer, and then, when such order is affirmed, the other party has a right to proceed under Revisal, 506.

It can make no difference whether the demurrer is filed by the defendant to the complaint, or by the plaintiff to the defense, for Revisal, 485, provides: "The plaintiff may demur to one or more of such defenses or counterclaims and reply to the residue of the counterclaim." The plaintiff's rights, therefore, are marked out by Revisal, 485, which gave him the right to demur to the defense in this case; by Revisal,

506, which gave him the right to reply when his demurrer was over-ruled without being bound by a final judgment, and Revisal, 587, which gave him a right to an immediate appeal on the overruling or sustaining a demurrer.

In *Edwards v. Chemical Co.,* 170 N. C., 551, the facts and the cause of action were identical with this. In that case, as in this, the cause of action was for wrongful death. The defendant in that case, as in this, filed an answer alleging as plea in bar that there had been a release of the cause of action for the injuries sustained, such compro-mise having been made prior to the death of the party injured. The plaintiff in that case demurred to the answer, as in this, which was overruled, as in this case; but this Court, unlike the present case, passed upon the judgment overruling the demurrer and affirmed it.

This case, however, comes under the Federal "Employer's Liability Act," as to which it has been held, in *R. R. v. Craft,* 237 U. S., 648, that the cause of action for wrongful injuries, and cause of action for wrongful death occurring subsequent to a settlement by the intestate during his life, are two separate causes of action, but that both can be maintained in one action, and hence a settlement by the intestate during his lifetime does not bar the cause of action for the wrongful death accruing subsequent to said settlement. This view was taken by the dissenting opinion in *Edwards v. Chemical Co., supra,* but, as is just said, this being an action under the Federal statute, the decision by the United States Supreme Court must govern, and the action of the judge in overruling the demurrer should be reversed by this Court.

The order overruling the demurrer should be reversed, too, on the further ground that the release pleaded in the answer, which is set out, was signed by the guardian of the infant without any authority of court being shown, and the release, therefore, as pleaded was invalid.

An action for wrongful death did not exist at common law, and is created only by statute, and in this State an action can be brought only by the administrator. *Killian v. R. R.,* 128 N. C., 261, and cases since citing it. In such actions it matters not whether the party was a minor or not, for all damages for the value of the life are recoverable in one action. *Russell v. Steamboat Co.,* 126 N. C., 961, and cases citing it since. In the *Russell* case the decedent was an infant only 5 months old.

When, however, the party injured is not killed outright, but dies subsequently from the injuries, the cause of action for the injuries abates upon the subsequent death. The question here presented is, if the party injured during his lifetime settled for his injuries, whether an action can be brought for his subsequent death. That question is

presented by the demurrer in this case. In *Edwards v. Chemical Co.,* 170 N. C., 551, the majority of this Court held that such settlement was a bar to a subsequent motion for wrongful death. In *R. R. v. Craft,* 237 U. S., 648, the United States Supreme Court, in an action under the Federal statute, held that such settlement would not be a bar, and that governs in this case, and the judge below erroneously overruled the demurrer. Besides, in this case, as already pointed out, the release pleaded as a defense was invalid because made by a guardian, who has no authority to compromise and settle such claim, except by order of court.

The appeal lay, and the order overruling the demurrer should be reversed on both grounds, that the release on its face was invalid, and, if valid, it would not bar the whole action, but only the claim for the injuries for which the deceased could have recovered if he had brought an action.