CLARK, C. J., dissenting.
The action was brought to recover damages for personal injuries, resulting in the death of plaintiff's intestate, alleged to have been caused by defendant's negligence in running its engine and cars. Defendant, by its answer, denied the alleged negligence and pleaded contributory negligence of the intestate, and further that the guardian of the intestate, and his ward, who was a minor (19 years old) at the time of his death, had settled and compromised any and all claim for damages on account of the negligence of the defendant, if any, for the consideration of $225 then paid by defendant to said guardian for his ward, and for the same consideration, so paid, they then and there released and discharged defendant "from all claims and causes of action for or by reason of the injuries received by him (Steve Chambers), and especially to his right side, leg, arm, and head, and all injuries, on or about 4 April, 1914, at or near Polkton, N.C. while a switchman in the employ of the Seaboard Air Line Railway." A copy of the release was annexed to the answer. Plaintiff at first replied to the answer, but afterwards withdrew her reply and demurred to the same upon two grounds: (1) Because the guardian of the intestate had no power or authority to compromise and settle his ward's cause of action, and (2) because the release could not operate as a discharge of the cause of action for the wrongful death, as the intestate at the time of the injury was actually engaged in interstate commerce, and his case is governed by the Federal Employers' (556) Liability Act, the action for the injury and the one for the *Page 607 
wrongful death being separate and distinct, though they may both be prosecuted by the administrator in a single action for the double wrong. The court overruled the demurrer as to both grounds stated therein, and inquired if plaintiff wished to make reply to the answer, plaintiff answering that she did not, until the ruling of the court had been reviewed and passed upon by the Supreme Court. Plaintiff excepted and appealed. It does not appear in the record that any formal judgment was entered upon the overruling of the demurrer and no judgment for costs. The court merely stated that the demurrer was overruled.
We are of the opinion that this appeal is both premature and fragmentary. There is no judgment in the record, and it appears that none was filed. There is only the simple statement that the court overruled the demurrer. This is not a judgment, but merely a ruling of the court or an expression of its opinion that the demurrer was bad. There should have been a judgment upon this ruling, at least for the costs, and it has been so held by this Court in a similar case. Rosenthal v. Roberson, 114 N.C. 594,596. In that case plaintiff, in deference to an adverse ruling, "took a nonsuit and appealed." This Court said that "Upon the submission by plaintiff to a nonsuit, judgment should have been entered against him for costs." This was not done. No judgment having been entered below, the appeal must be dismissed. Taylor v. Bostic, 93 N.C. 415, and other cases cited; Clark's Code (2d Ed.), 559. It is true, if it appeared that the omission of the judgment is a mere inadvertence and the appellant has merits, the court would remand the case to supply the judgment instead of dismissing the appeal. Baum v. Shooting Club, 94 N.C. 217." In Milling Co.v. Finlay, 110 N.C. 411, "it appeared that defendants submitted to a nonsuit upon their counterclaim, excepted and appealed," and the Court held that "an appeal did not lie, because it only lies from a judgment, and no judgment of any kind appears in the record." In Milling Co. v. Finlay,supra, the Court further said: "The record states that, upon the intimation of the court, the defendants submitted to a nonsuit upon their counterclaim and appealed. The appeal was premature, and would not lie till after a final judgment upon the plaintiff's cause of action," upon the ground also that the appeal was fragmentary.
But a case directly in point, upon the proposition that the appeal is fragmentary, is Shelby v. R. R., 147 N.C. 537. That was an action to recover damages for personal injuries alleged to have been caused by the defendant's negligence in running its cars. The defendant (557) *Page 608 
denied the alleged negligence and pleaded a release given for the same injuries. The pleadings were substantially like those in the case at bar. The plaintiff in that case demurred to the plea setting up the release. The court overruled the demurrer, and plaintiff appealed. That is our case exactly. It was there held, and we quote at some length, as the decision completely covers this case: "The defendant pleaded in its answer two separate and distinct defenses. The plaintiff demurred to one of them, as he had a right to do. Revisal, sec. 435. The demurrer was overruled, and the plaintiff appealed. This is obnoxious to the rule forbidding fragmentary appeals. An appeal from a ruling upon one of several issues will be dismissed. Hines v. Hines, 84 N.C. 122; Arrington v. Arrington,91 N.C. 301. The plaintiff should have noted his exception, and the judge should have proceeded with the trial upon both issues. If both issues, or only the issue as to this defense, were found with the plaintiff, he would not need to review the order overruling the demurrer as to this; but should he desire to do so, the overruling the demurrer as to this issue can be as well reviewed on appeal from the final judgment. It is true that the plaintiff will have to try this issue, but, aside from the presumption that the judge ruled rightly, it is better practice that the issue raised by the second defense should be tried, even unnecessarily, than that an action should thus be cut in two and hung up in the courts till it is determined, after much delay, on appeal, whether two issues or one should be tried. It is better to try both, and, after final verdict and judgment, pass upon the validity of the defense demurred to, if the result is such as to make the plaintiff still desirous to review it, which he will not be if he gain the case, nor if he lose on the other issue without ground of exception thereto. If this demurrer to one defense had been sustained, a different situation would be presented, and an appeal would lie at once, for to try the case on one defense might cause a verdict and judgment against the defendant, which might be defeated if the other defense were passed on. That would `affect a substantial right,' and hence an appeal lies. Revisal, sec. 587. Whereas no harm would result from trying both defenses on issues as to each, since the exception to submitting this issue can be reviewed in passing upon the appeal from the final judgment. Judgment on appeal could then be entered without requiring a new trial. It is true that when a demurrer to the whole cause of action or the whole defense is either overruled or sustained, an appeal lies. Comrs. v. Magnin, 78 N.C. 181;Ramsay v. R. R., 91 N.C. 418; Frisby v. Marshall, 119 N.C. 570;Clark v. Peebles, 122 N.C. 163. Such appeal is not fragmentary, but affects the entire action. Indeed, in Comrs. v. Magnin, supra, the (558) court questioned whether an appeal lay even in such case. The refusal of motions to dismiss for want of jurisdiction or that the *Page 609 
complaint does not state a cause of action, even though they go to the whole action, are not such demurrers as permit an appeal. Burrell v.Hughes, 116 N.C. 430; Joyner v. Roberts, 112 N.C. 111; Sprague v. Bond,111 N.C. 425. To allow appeals in such cases would admit of infinite abuse and vexation and delay to plaintiffs." The Court further says, in drawing its conclusion from the above reasoning and former decisions of this Court: "Hence fragmentary appeals like this, and premature appeals and appeals from interloctutory judgments, usually are not tolerated. It can prejudice neither party to have the issue as to the second defense found by the jury (plaintiff's exception being noted) at the same time the issue as to the other defense is found. With all the parties before the court, and the facts fully brought out, a correct conclusion is more likely to be reached by both judge and jury."
There is nothing left for us to do but to abide by what is said and decided in Shelby v. R. R. and other cases we have cited. But that decision is strongly supported by a former one in Knott v.Burwell, 96 N.C. 272. That was an action for libel. Defendant denied the libel and pleaded a cause of action against the plaintiff for slander as a counterclaim. Plaintiff demurred to the counterclaim. With reference to this state of facts, the adverse action of the court to suspend further proceedings in the action until the appeal could be heard and decided. This was also refused and the trial ordered to go on. To these rulings the defendant's first exception is taken, and it is, in our opinion, without support in law. The proposed appeal was premature, and the exception being noted upon the record, the ruling would come up for review after the final hearing upon an appeal then taken, and this opportunity is now afforded the defendant." To the same effect isBazemore v. Bridgers, 105 N.C. 191. So it will be seen that the practice and procedure in such cases has been thoroughly settled by decisions above considered. Justice Reade, in Comrs. v.Magnin, supra, strongly intimated that the result as declared in the above cases was in accordance with the true construction and meaning of The Code, and if there were any cases to the contrary it might be well for this Court to settle the matter finally by the adoption of a rule forbidding such premature and fragmentary appeals and requiring an exception to be noted to the adverse ruling so that the trial of the case can proceed. The point may be reserved for consideration upon appeal at the final hearing. We think that it will, perhaps, be found that the cases in which appeals have been entertained in this Court from the overruling of demurrers are (559) those where a decision of the question would finally dispose of *Page 610 
the case, and not merely be one step forward, and perhaps a useless one. For illustration, in this case, if we should entertain the appeal and sustain the ruling of the court, or even reverse it, the jury may find eventually that there was no negligence, or that plaintiff's contributory negligence was the proximate cause of the injury, or that the release was procured by fraud, or is otherwise invalid, in either of which events our labor here would be utterly lost, and all we did but vain, idle, and fruitless. It is better to follow what the present Chief Justice (who wrote the opinions for the Court in all the cases, but one, which we have cited) so well said in the case from which we have quoted, and not decide twice when once will suffice and avoid the expenditure of much time and labor.
The practice we here adopt as the preferable one, besides having been settled by our decisions, is not, in principle, unlike that in cases of nonsuit, where the courts have held that, upon an adverse intimation of the court, the plaintiff may submit to a nonsuit, if he so desires, but he cannot appeal from the judgment of nonsuit, entered upon his submission, and have it reviewed in this Court, if there is any ground left upon which he may recover, for the ruling must go to the whole case and prevent a recovery before an appeal will lie. We have so held during this term inChandler v. Mills, 172 N.C. 366, where it was said: "The nonsuit and appeal were prematurely taken. The law with respect to this matter has been thoroughly well settled by this Court. Before a plaintiff can resort to a nonsuit, and have any proposed ruling of the trial court reviewed here by appeal, the intimation of opinion by the judge must be of such a nature as to defeat a recovery. If there is any ground left upon which the plaintiff may succeed before the jury, after the elimination of all others by an adverse intimation, the remedy is not by nonsuit and appeal, but the case should be tried out upon the remaining ground, for the plaintiff may recover full damages, in which case no appeal by him would be necessary. In other words, the threatened ruling must exhaust every ground upon which a verdict could be had, and, therefore, be fatal to plaintiff's recovery," citing Hayes v. R. R., 140 N.C. 131; Hoss v. Palmer, 150 N.C. 12; Merrickv. Bedford, 141 N.C. 504; and Midgett v. Mfg. Co., 140 N.C. 361, where the Court held: "An intimation of an opinion by the judge adverse to the plaintiff, upon some proposition of law which does not take the case from the jury and which leaves open essential matters of fact still to be determined by them, will not justify the plaintiff in suffering a nonsuit and appealing.
Such nonsuits are premature, and the appeals will be dismissed. (560) . . . . If the plaintiff is permitted to take a nonsuit and appeal whenever an adverse ruling is made during the trial, not necessarily fatal to the case, it is possible, the same case may be brought to this Court for review repeatedly, and numerous and unnecessary trials *Page 611 
had in the court below. It is best that the case be `tried out,' and then, if an appeal is taken, all the alleged errors excepted to during the trial may be reviewed here," citing Hayes v. R. R., supra; Tiddy v. Harris,101 N.C. 591; Gregory v. Forbes, 94 N.C. 221, and Crawley v. Woodfin,78 N.C. 4. We further said in Chandler v. Mills, supra: "The rule of practice itself has prevailed in our courts for many years, but it has been strictly confined in its application to cases where the intimation of opinion reaches to the whole case and leaves nothing for the plaintiff to stand upon, so that the review of the ruling in this Court will extend to all essential matters upon which a recovery could be based; otherwise the appeal would be fragmentary, and we would be giving our opinion upon a single question of law not finally determinative of the case, and trials would thus be uselessly multiplied and protracted."
In Edwards v. Chemical Co., 170 N.C. 551, the demurrer of plaintiff was overruled, but it extended to the entire case, and the ruling of the court being sustained by us, we dismissed the action, as the plaintiff could not improve his case by amendment so as to recover. The demurrer in that case was not taken to one of two defenses, the other being sufficient, if true, to defeat the plaintiff, as was done here, but to one defense which, if good, was fatal to plaintiff's recovery, as we finally held by dismissing the action.
The decisions in Royster v. Wright, 118 N.C. 155, and Bethell v.McKinney, 164 N.C. 74, are entirely consistent with our ruling. In those cases a release was set up as the only plea in bar, and the Court held that it should be passed upon before a reference was ordered, and for this reason alone the appeal was entertained. There was no other defense in bar of recovery to be determined, as there is here. In Ramsay v. R. R.,91 N.C. 419; Frisby v. Marshall, 119 N.C. 570; and Pender v. Mallett,122 N.C. 163, the demurrer extended to the entire complaint, and they are therefore wholly different from this case. We have already commented onComrs. v. Magnin, 78 N.C. 181, and especially directed attention to the opinion of Justice Reade as to what should be the correct procedure, which agrees with our view.
It is needless to consider the other questions as to the effect of the Federal law upon a release and so forth.
Our conclusion is that the appeal was not only fragmentary, but premature, and cannot be entertained.
Appeal dismissed.