FRANCIS A. CODY v. GEORGE I. HOVEY.

(Filed 1 November, 1939.)

1. **Appeal and Error § 2—Appeal will lie from order overruling demurrer to the answer which admits cause alleged and sets up an affirmative defense.**

   While a demurrer to the answer is equivalent in some respects to a motion for judgment on the pleadings, and the refusal of a motion for judgment on the pleadings is not a final judgment from which an appeal will lie, when the answer admits the allegations of the complaint and sets up new matter constituting an affirmative defense, a demurrer to the answer goes to the merits of the controversy, and an appeal will lie from an order overruling the demurrer. C. S., 525.

2. **Contracts § 7d—**

   C. S., 2144, amended by ch. 236, Public Laws of 1931, does not render void a contract for the purchase and sale of stocks on margin when actual delivery of the stocks is made to the purchaser or to his agent, and the stocks are paid for in whole or in part.

3. **Same: Judgments § 40—Allegations held insufficient to show that contract upon which judgment of another state was based was an illegal gaming contract.**

   In this action on a judgment rendered against defendant in another state, defendant alleged that the judgment was based upon a contract for the purchase and sale of stocks on margin, that the stocks were delivered to and retained by the broker and sold as plaintiff and the broker determined that there had been sufficient profit or loss on each transaction, and that the contract was a gaming contract and that action on the judgment based thereon could not be maintained in the courts of this State. *Held:* The allegations are insufficient to show that the contract was void as a gaming contract under the provisions of C. S., 2144, as amended, the allegation that no delivery was intended being nullified by the allegation of delivery to defendant's broker, and the allegation that the contract was a gaming contract being a mere conclusion of law, and plaintiff's demurrer to this defense set up in the answer should have been sustained.

4. **Pleadings § 20—**

   A demurrer admits the allegations of fact but not the conclusions of law of the pleader.

**5. Pleadings § 23—**

When the allegations of the answer are insufficient to constitute an affirmative defense, the trial court should sustain plaintiff's demurrer to such defense with leave to defendant to move to amend. C. S., 515.

**6. Same—**

When plaintiff's demurrer to defendant's counterclaim is properly sustained, plaintiff's exception to the order of the court permitting defendant to amend is untenable. C. S., 515.

**7. Appeal and Error § 2: Pleadings § 28—**

The denial of plaintiff's motion for judgment on the pleadings is not a final judgment from which an appeal will lie.

**8. Judgments §§ 22f, 40—**

Allegation that the judgment of another state upon which action is instituted in this State was obtained through false testimony is an allegation that the judgment was obtained by extrinsic fraud, which does not constitute a basis for attacking the validity of the judgment in plaintiff's action thereon.

**9. Appeal and Error § 2—**

Defendant's appeal from the denial of his motion to dismiss on the ground that the cause alleged was based on a void gaming contract is premature, the denial of the motion not being appealable.

**10. Appeal and Error § 20—**

When both plaintiff and defendant appeal, it is not required that there be two transcripts of the record, one transcript being sufficient for both appeals. Rule of Practice in the Supreme Court, No. 19 (2).

APPEAL by plaintiff and defendant from *Armstrong, J.,* at May Term, 1939, of CALDWELL.

This was an action upon a judgment rendered by a court in the State of New York against the defendant in the sum of more than a million dollars. The complaint alleged that the New York court had jurisdiction of the person of the defendant by proper service, and of the subject matter; that the defendant answered and appeared in that court, and the action was tried before a jury resulting in verdict and judgment for plaintiff; that upon appeal by defendant to the appellate division of the New York Supreme Court the judgment was affirmed; that no part of the judgment has been paid.

The defendant in this action, in the Superior Court of Caldwell County, filed answer admitting all the allegations of the complaint, but alleged as a defense, (1) that the judgment was procured by fraud by reason of the false testimony of a witness, and (2) that the transaction upon which the judgment in suit was based was a gambling transaction, on margin, prohibited by the North Carolina statute, C. S., 2144, and that the jurisdiction of the North Carolina courts was not available for

the enforcement of such a judgment. The defendant further set up a counterclaim for abuse of process incident to the institution of this suit.

The plaintiff demurred to the several defenses set up in the answer, and to the counterclaim, and moved for judgment on the pleadings. The court below sustained the demurrer to the defense of fraud in the procurement of the judgment, and overruled the demurrer as to the defense under C. S., 2144. The court also sustained the demurrer to the counterclaim, and denied plaintiff's motion for judgment on the pleadings. From the order embodying these rulings, both plaintiff and defendant appealed.

*Gover & Covington for plaintiff.*
*Pritchett, Strickland & Farthing for defendant.*

### PLAINTIFF'S APPEAL.

DEVIN, J. Ordinarily, an appeal from the denial of a preliminary motion for judgment on the pleadings will be dismissed as premature and involving no substantial right (*Johnson v. Ins. Co.,* 215 N. C., 120), and a demurrer to the sufficiency of the answer is in some respects equivalent to a motion by plaintiff for judgment on the pleadings, but where the defendant admits all the allegations of the complaint and sets up an affirmative defense based on new matter alleged in his further answer, a·demurrer on the part of the plaintiff challenges the sufficiency of the only pleading which raises an issue and goes to the heart of the controversy, and affords a direct approach to a determination of the action. Hence, an appeal from a judgment overruling or sustaining plaintiff's demurrer merits the consideration of the Court. C. S., 525. As was said by *Clark, C. J.,* in *Shelby v. R. R.,* 147 N. C., 537, 61 S. E., 377: "It is true that when a demurrer to the whole cause of action, or to the whole defense, is either overruled or sustained, an appeal lies." *Alston v. Hill,* 165 N. C., 255, 81 S. E., 291; *Chambers v. R. R.,* 172 N. C., 555, 90 S. E., 590; *Pridgen v. Pridgen,* 190 N. C., 102, 129 S. E., 419; *Real Estate Co. v. Fowler,* 191 N. C., 616, 132 S. E., 575; McIntosh, sec. 475.

The plaintiff's principal assignment of error relates to the overruling of his demurrer to the following defense contained in the answer: "That the transaction upon which said judgment was obtained was a gambling and speculative futures transaction, and a transaction wherein the plaintiff purchased certain stocks through Herman W. Booth, upon margin without any contract or intention that said stocks were ever to be actually delivered, and without any agreement that the said plaintiff could demand an actual delivery of said stocks, but that same were purchased on a margin for wholly speculative purposes, as is well shown by the

evidence taken in the trial of this cause in the State of New York, and that said stocks and bonds remained with the said Herman W. Booth at all times, and were never actually delivered by the said Herman W. Booth to the plaintiff herein, but were held and sold from time to time as plaintiff and Herman W. Booth ascertained they had a profit in said stocks, or that they concluded that they had sustained sufficient loss as they desired on account of the fluctuations of the said New York Stock Exchange."

The statute, C. S., 2144, declares null and void contracts for the purchase and sale of certain articles, including stocks and bonds, when it is not intended that the articles or things should be actually delivered, but it is understood that money shall be paid depending upon the fluctuations of the market price, and no real transaction is contemplated, and provides that no action shall be maintained to enforce such contract or on account of any money paid or advanced in connection with such contract. The statute makes the further provision: "Nor shall the courts of this State have any jurisdiction to entertain any suit or action brought upon a judgment based upon any such contract." This statute was amended by ch. 236, Public Laws of 1931, by adding the proviso that the section should not apply to contracts for the purchase or sale for future delivery of any of the articles mentioned where such purchase or sale was made on any exchange on which such articles were regularly bought and sold, and where the rules of the exchange permitted either party to the contract to require delivery. The amendment also repealed sections 2145 and 2146 of the Consolidated Statutes relating to the *prima facie* effect of margins and the burden of proof in cases coming under section 2144. This statute was recently considered by this Court in *Fenner v. Tucker,* 213 N. C., 419, 196 S. E., 357. It will be noted that the contract construed in that case antedated the enactment of ch. 236, Public Laws of 1931.

The North Carolina statutes relating to gambling contracts and futures were not intended to affect transactions where the property, though purchased for speculative purposes, was delivered to the purchaser or his agent, and paid for in whole or in part. Ordinary transactions whereby men purchase real estate, a carload of mules, or a stock of goods, in the hope of selling at a profit, are not to be distinguished from the purchase and sale of bales of cotton or shares of stock when delivery is made or intended to be made in the regular course of business dealing.

It is apparent that the transaction as alleged in the answer does not come within the prohibition of the statute. The defendant's connection, if any, with the transaction is not set out. The allegation is that plaintiff purchased stocks through one Booth, upon margin, for speculative

purposes, and, while he alleges there was no intention to deliver, as a matter of fact he alleges the stocks were delivered to and held by Booth, and were thereafter sold as the plaintiff and Booth determined they had sufficient profit or loss in the transaction, reference being made to the New York Stock Exchange. What part the defendant Hovey had in these transactions in nowise appears. The averments are insufficient to show that these were sham transactions such as are declared void by the statute, or to bring the defendant within its terms so as to protect him from suit. It will not do for the defendant to say that they were gambling transactions unless the facts stated show that they were. The demurrer admits the allegations of fact but not the conclusions of the pleader. *Leonard v. Maxwell, ante,* 89.

The court below should have sustained the demurrer to the defendant's further defense under C. S., 2144, with right to move for leave to amend in accordance with the provisions of C. S., 515. *White v. Charlotte,* 207 N. C., 721, 178 S. E., 219; *McKeel v. Latham,* 202 N. C., 318, 162 S. E., 747; *Morris v. Cleve,* 197 N. C., 253, 148 S. E., 253. Whether the defendant may be able to allege sufficient facts to bring himself and the transactions referred to within the scope of the statute so as to require withdrawal of the jurisdiction of the courts of the State from an action to enforce a judgment based on prohibited transactions, and whether the North Carolina statute contravenes the full faith and credit clause of the Constitution of the United States (Art. IV, sec. 1), is not presently presented.

The demurrer to defendant's counterclaim for damages alleged to have been occasioned by the institution and prosecution of this action was properly sustained. *Carpenter v. Hanes,* 167 N. C., 551, 83 S. E., 577. Plaintiff, however, excepts to so much of the order as allows the defendant to file an amendment setting forth his counterclaim, but we find no error in this ruling of the court below. C. S., 515. *Morris v. Cleve, supra.* The plaintiff's assignment of error on account of the denial of his motion for judgment on the pleadings cannot be sustained in view of what has been said relative to his demurrer to the answer. *Johnson v. Ins. Co.,* 215 N. C., 120.

On plaintiff's appeal we conclude that so much of the order appealed from as overrules plaintiff's demurrer to that portion of the answer interposing defense under C. S., 2144, must be reversed.

## DEFENDANT'S APPEAL.

Defendant appeals from so much of the order of the court below as sustains the demurrer to his further defense predicated on the ground of fraud in the procurement of the judgment in the New York court.

This defense, however, is based entirely on the allegation of false testimony given by a witness in the trial, and this has been held not to constitute extrinsic fraud upon which a successful attack upon the judgment can be based. This question was fully considered by this Court in the recent case of *Horne v. Edwards,* 215 N. C., 622, and decided adversely to the defendant here. The same rule applies in New York. *Jacobowitz v. Herson,* 268 N. Y., 130.

Defendant's motion to dismiss plaintiff's action was properly denied, and his exception to the ruling of the court on that ground would not constitute basis for appeal. *Johnson v. Ins. Co., supra; Bargain House v. Jefferson,* 180 N. C., 32, 103 S. E., 922. On the defendant's appeal the ruling of the court below must be affirmed.

The motion to tax defendant with the cost of an additional transcript of the record on his appeal would not require consideration, in view of the disposition of the two appeals in this case, but for the fact that under the practice formerly prevailing it was deemed proper that a transcript of the record should be sent up by each appellant, as was held in *Pope v. Lumber Co.,* 162 N. C., 208, 78 S. E., 65. See *Johnson v. Lumber Co., ante,* 123. However, the rule now in force (Rule 19 [2]) obviates the necessity of more than one transcript in one action, regardless of the number of appeals. We quote the Rule as follows: "When there are two or more appeals in one action, it shall not be necessary to have more than one transcript, but the statements of cases on appeal shall be settled as now required by law, and shall appear separately in the transcript. The judge of the Superior Court shall determine the part of the costs of making the transcript to be paid by each party, subject to the right to recover such costs in the final judgment as now provided by law." Rule 19 (2), 200 N. C., 824.

On plaintiff's appeal, reversed.

On defendant's appeal, affirmed.